**Gary W. ELLISON, Administrator of the Estate of Elmer Lee Ellison, Plaintiff-Appellant, Cross-Appellee,**

v.

**Robert F. STEPHENS, Attorney General of the Commonwealth of Kentucky, Defendant-Appellee, Cross-Appellant.**

**Nos. 78–3045, 78–3046.**

United States Court of Appeals, Sixth Circuit.

Argued June 14, 1978.

Decided Aug. 17, 1978.

Stanley M. Chesley, John A. Lloyd, Jr., Cincinnati, Ohio, William P. Hillman, Covington, Ky., for plaintiff-appellant, cross-appellee.

Robert F. Stephens, Atty. Gen. of Kentucky, David M. Whalin, James M. Ringo, Robert L. Chenoweth, Frankfort, Ky., for defendant-appellee, cross-appellant.

Before WEICK, LIVELY and MERRITT, Circuit Judges.

MERRITT, Circuit Judge.

The issue here is whether appellant may bring a civil rights suit under 42 U.S.C. § 1983 against the Attorney General of Kentucky merely for raising the common law doctrine of sovereign immunity as a defense to appellant's state court suit against the Commonwealth.

Appellant, Gary Ellison, is the Administrator of the Estate of Elmer Ellison, one of 165 victims of the Beverly Hills Supper Club fire in May, 1977. On behalf of the estate, the Administrator instituted a civil action for wrongful death against the Commonwealth of Kentucky and others in the Circuit Court of Campbell County, Kentucky. In defense of that action, appellee, the Attorney General of Kentucky, contended that the doctrine of sovereign immunity absolutely barred the Administrator's claim against the Commonwealth. The state court agreed and dismissed the Commonwealth as a defendant in the suit. The Administrator's appeal, in which he challenges the constitutionality of the sovereign immunity doctrine, is now before the Kentucky Supreme Court.

Shortly after the Attorney General asserted the defense of sovereign immunity in state court, the Administrator filed a civil rights action in United States District Court under 42 U.S.C. § 1983, alleging that the very act of raising the sovereign immunity defense deprived the Administrator of various constitutional rights. The District Court dismissed the suit on the grounds that the Administrator's claim raised a nonjusticiable, political question. We affirm for different reasons.

The Administrator's argument is founded upon his contention that the common law doctrine of sovereign immunity is unconstitutional, a proposition rejected by an unbroken line of Supreme Court opinions since the passage of the Eleventh Amendment. See *Monaco v. Mississippi*, 292 U.S. 313, 54 S.Ct. 745, 78 L.Ed. 1282 (1934). Only two months ago, the Supreme Court rejected the identical claim raised here—the constitutionality of Kentucky's sovereign immunity doctrine—in holding that the issue did not present a substantial federal question. *Huffman v. Kentucky*, 435 U.S. 991, 98 S.Ct. 1641, 56 L.Ed.2d 81 (1978). To the same effect *Krause, Admr. v. Ohio*, 409 U.S. 1052, 93 S.Ct. 557, 34 L.Ed.2d 506 (1972).

Regardless, however, of our opinion of the sovereign immunity doctrine, it is absolutely clear to us that the Attorney General may not be sued under § 1983 simply for raising the doctrine as a defense to plaintiff's wrongful death action. The Attorney General does not infringe any constitutional provision or federal law when he asserts in a lawsuit against the state a defense heretofore recognized for centuries in our law. Moreover, the imposition of a legal defense, whether valid or not, is unquestionably "an integral part of the judicial process" and may not be the basis of a civil rights action against the state's attorney who is immune under § 1983 for such conduct. See *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

The Administrator's complaint does not state a claim for which relief may be granted, and the District Court's order of dismissal is therefore AFFIRMED.