Steve LUCSIK et al.,
Plaintiffs-Appellants,

v.

BOARD OF EDUCATION OF the BRUNSWICK CITY SCHOOL DISTRICT, Defendants-Appellees.

No. 79–3243.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 30, 1980.

Decided May 22, 1980.

Eugene Green, Green, Schiavoni, Murphy, Haines & Sgambati Co., L. P. A., Anthony

P. Sgambati, II, Barry R. Laine, Youngstown, Ohio, for plaintiffs-appellants.

Steven Willborn, Squire, Sanders & Dempsey, Charles F. Clarke, Cleveland, Ohio, for Brunswick Board.

John C. Burkholder, Means, Bichimer, Burkholder & Baker Co., L. P. A., Columbus, Ohio, for all other defendants.

Before MERRITT, BOYCE F. MARTIN, Jr., and JONES, Circuit Judges.

PER CURIAM.

This appeal arises from the jailing of Lucsik and his colleagues by a state court for contempt. Alleging that certain actions of counsel for the Brunswick, Ohio, City School District during the contempt proceedings deprived them of constitutional rights, the contemnors sued the Brunswick Board of Education, the Superintendent and the members of the Board for damages under 42 U.S.C. § 1983. The District Court dismissed their complaint for failure to state a claim upon which relief could be granted.

Lucsik and his colleagues were teachers who struck the Brunswick School District in April, 1978. During the strike the Brunswick Board of Education succeeded in winning a temporary restraining order against the work stoppage from the local state court. When the teachers defied the order, the Board brought contempt proceedings. The state court ruled that the teachers had to sign an affidavit pledging not to violate the TRO. The teachers refused to sign, and the court sent them to the county jail. The teachers unsuccessfully sought a writ of habeas corpus from the state court of appeals, but were released soon afterward.

In the present suit under § 1983, Lucsik and his colleagues claim that attorneys for the Board unconstitutionally caused and prolonged their confinement. The teachers contend that manipulation of the contempt proceedings by the attorneys resulted in their incarceration. According to the teachers, the attorneys also misrepresented facts to the state appeals court during the habeas hearing. Specifically, the teachers

argue that counsel for the Board erroneously told the appeals panel that the teachers had been found guilty of contempt. It is the contention of the teachers that they had not been found guilty of contempt and that, by conveying a contrary impression to the appeals court, the Board attorneys unconstitutionally lengthened their imprisonment.

We affirm the dismissal of the suit by the District Court. In reviewing claims arising out of injunctive proceedings, federal courts are guided by the principle that "no action lies against a party for resort to civil courts." *United States Steel Corp. v. United Mine Workers of America*, 456 F.2d 483, 492 (3d Cir.), *cert. denied*, 408 U.S. 923, 92 S.Ct. 2492, 33 L.Ed.2d 334 (1972). As this Court recognized in a related context, the assertion of a legal argument "whether valid or not, is unquestionably 'an integral part of the judicial process' and may not be the basis of a civil rights action . . . .." *Ellison v. Stephens*, 581 F.2d 584, 585 (6th Cir. 1978).

The courts, of course, will entertain damages claims for allegedly-wrongful litigative conduct that would support a cause of action for malicious prosecution. *See Adolph Coors Co. v. A & S Wholesalers, Inc.*, 561 F.2d 807, 813 (10th Cir. 1977); *Buddy-Systems, Inc. v. Exer-Genie, Inc.*, 545 F.2d 1164, 1167–69 (9th Cir. 1976), *cert. denied*, 431 U.S. 903, 97 S.Ct. 1694, 52 L.Ed.2d 387 (1977); *United States Steel Corp. v. United Mine Workers of America*, 456 F.2d 483, 492 (3d Cir.), *cert. denied*, 408 U.S. 923, 92 S.Ct. 2492, 33 L.Ed.2d 334 (1972); 11 C. Wright & A. Miller, Federal Practice and Procedure § 2973 (1973 & Cum.Supp.1980); Note, *Interlocutory Injunctions and the Injunction Bond*, 73 Harv. L.Rev. 333, 343–46 (1959). Absent a claim of malice, however, the instances in which federal courts have heard or granted non-bond-related damages claims for the wrongful issuance of an injunction are extremely rare. *See, e. g., Monroe Division, Litton Business Systems, Inc. v. DeBari*, 562 F.2d 30, 32–33 (10th Cir. 1977). At the basis of this broad-based judicial policy is a desire to encourage vigorous advocacy. *United Mo-*

*tors Service v. Tropic-Aire, Inc.*, 57 F.2d 479, 482–83 (8th Cir. 1932).

There is no reason to hold the courtroom conduct of school boards to a higher or lower standard than the conduct of other litigants. Normally, school board members are liable for deprivations of constitutional rights that are motivated by bad faith. *Wood v. Strickland*, 420 U.S. 308, 322, 95 S.Ct. 992, 1001, 43 L.Ed.2d 214 (1975). Yet in qualifying the immunity of school board members, the Supreme Court dealt only with the exercise of an unique school board function. *See* 420 U.S. at 322, 95 S.Ct. at 1001 ("in the specific context of school discipline," school board members are entitled only to good faith immunity from § 1983 liability). The present case, by contrast, involves the actions of a school board as litigant. The ordinary standard of constitutional liability of school board members thus is inapplicable to this case.

The complaint contains no allegation of malice, and no set of facts that would constitute malice if proven. We thus are unwilling to reinstate the suit.

Accordingly, the judgment of the District Court is affirmed.

NATHANIEL R. JONES, Circuit Judge, dissenting.

The majority opinion completely misses the point of this case. We are not concerned with the wrongful issuance of an injunction by a federal court. Therefore, the cases cited in the majority opinion in which a party sought to recover bond following the wrongful issuance of an injunction in federal court are inapposite. Nor are we concerned with the assertion of a legal argument by an attorney. Plaintiffs have alleged that the Board acting through its attorneys purposely and falsely misrepresented facts before the State court, causing the prolonged imprisonment of the plaintiffs.

The issue in the case is whether the plaintiffs' allegations state a claim under 42 U.S.C. § 1983. To state a claim under § 1983, plaintiffs must allege facts which would establish at least two elements: 1) that they have been deprived of a right protected by the Constitution and laws of the United States; and 2) that the defendants have acted under color of law in depriving them of this right. *Coffy v. Multi-County Narcotics Bureau*, 600 F.2d 570, 576 (6th Cir. 1979). Clearly the Board was acting under color of state law in seeking to enjoin the teachers' strike. Misuse of the legal procedure, which is a state law tort, may deprive a person of his federal constitutional right to procedural due process in egregious circumstances. *Norton v. Liddel*, 620 F.2d 1375 (10th Cir., 1980); *Jennings v. Shuman*, 567 F.2d 1213 (3rd Cir. 1977).[1] Construing the complaint favorably to the plaintiffs, as we must in considering a motion to dismiss, I would hold that Paragraph 13 of their complaint sufficiently alleges a deprivation of their constitutional right to procedural due process.[2] The complaint alleges that the Board through its attorneys falsely and purposefully misrepresented facts before the State court to deprive the plaintiffs of liberty. Such a purposeful subversion of the judicial process, if true, would state a claim under § 1983.

Therefore, I respectfully dissent.

---

1. The Supreme Court of Ohio has reversed the civil contempt convictions of the teachers. *Board of Education v. Brunswick Education Association*, 61 Ohio St.2d 290, 401 N.E.2d 440 (1980). The Ohio Supreme Court specifically found that the teachers had not been adjudged to be in contempt at the time of their imprisonment.

2. The complaint reads:
   A hearing was granted that same day by the Medina County Court of Appeals Ninth Judicial District. At that hearing, Defendant Board of Education, through its attorney, falsely represented to the Court of Appeals, for the purpose of creating the appearance of a material dispute as to facts and for the improper purpose of continuing Plaintiffs' unlawful deprivation of liberty, that the trial court had found Plaintiffs guilty of contempt and had ordered their imprisonment upon such finding of contempt. The representation by Defendants' attorney was false and untrue, as the trial court made no findings of contempt.
   App. 8.