**AMERICAN CIVIL LIBERTIES UNION OF TENNESSEE; Save Our Cumberland Mountains; J. W. Bradley; Charles Winfrey; Memphis Area Legal Services, Inc.; Rural Legal Services of Tennessee, Inc., Plaintiffs,**

v.

**STATE OF TENNESSEE; William Leech, Jr., Attorney General of the State of Tennessee, Defendants.**

**No. 80–3105.**

United States District Court, M. D. Tennessee, Nashville Division.

Nov. 26, 1980.

Dean Hill Rivkin, Knoxville, Tenn., for plaintiffs.

Claudius C. Smith, Asst. Atty. Gen., Nashville, Tenn., for defendants.

## MEMORANDUM

WISEMAN, District Judge.

On September 2, 1980, this Court entered a declaratory judgment that the Tennessee barratry statute, T.C.A. §§ 39–3405–3410, is unconstitutional in its entire-

ty. *American Civil Liberties Union v. State of Tennessee*, 496 F.Supp. 218 (M.D.Tenn. 1980). In its memorandum opinion, the Court found that plaintiffs, who brought suit pursuant to 42 U.S.C. §1983, were entitled to attorney's fees under 42 U.S.C. §1988, and set a hearing on that matter. The Court was subsequently informed that the defendant Attorney General[1] would not contest the amount of attorney's fees requested, which is set forth in an affidavit filed by plaintiffs' counsel, but he did wish to raise legal arguments against the award of any attorney's fees in this case. The matter is now before the Court to determine whether, as a matter of law, plaintiffs are entitled to recover attorney's fees pursuant to 42 U.S.C. §1988 for the successful prosecution of their suit for declaratory and injunctive relief against the barratry statute. The Court holds that they are so entitled, and in accordance with the affidavit of plaintiffs' counsel, the Court awards attorney's fees in the amount of $5,471.91.

■ 42 U.S.C. §1988 provides in relevant part: "In any action or proceeding to enforce a provision of [42 U.S.C. §1983] . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." There is no dispute that plaintiffs in this action are the prevailing parties, because the case was decided on the merits in their favor.

■ The Attorney General argues that his office is immune from an award of attorney's fees, but his two arguments can be summarily treated. The first argument is based on the premise that prosecutors are immune from liability for money damages. This argument ignores the fact that the Attorney General was not sued for money damages in this action: this action was for declaratory and injunctive relief, from which prosecutors are not immune. *See Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 736–739, 100 S.Ct. 1967, 1977–1978, 64 L.Ed.2d 641, 656–57 (1980).

The argument reflects a profound insensitivity to the difference between an award of attorney's fees to a prevailing party in a suit for declaratory and injunctive relief, and a suit for money damages. Although the point should be obvious, an application for attorney's fees is not an action for money damages. *See id.* 446 U.S. at 734–738, 100 S.Ct. at 1976–1978, 64 L.Ed.2d at· 656–58. Accordingly, a prosecutor's immunity from suits for money damages is completely irrelevant in determining whether his office should be required to pay attorney's fees when it loses a lawsuit for declaratory or injunctive relief.

■ Defendant's second argument asserts an immunity "for decisions made in defense of suits filed against governmental agencies." The Court agrees that an attorney general is immune from 1983 suits for damages that challenge official actions in defense of state agencies. *See Ellison v. Stephens*, 581 F.2d 584 (6th Cir. 1978). The instant case, however, was a suit to adjudicate the constitutionality of Tennessee's barratry statute, which the Attorney General has the qualified duty to defend in his official capacity. T.C.A. §8–6–109(b)(9). The Court concluded in its original decision that he is not immune from this type of declaratory proceeding. 496 F.Supp. at 220–21. Because the Court has decided that the Attorney General was not immune from the original 1983 action, he cannot reassert this alleged immunity as the basis of a new argument against the imposition of attorney's fees under section 1988.

■ Because the Attorney General was sued in his official capacity, an award of attorney's fees will be paid with State funds. *Hutto v. Finney*, 437 U.S. 678, 693, 98 S.Ct. 2565, 2575, 57 L.Ed.2d 522 (1978). In *Hutto*, the Supreme Court held that Congress abrogated the states' eleventh amendment immunity by enacting 42 U.S.C. §1988. As the Court stated, "when it passed the Act, Congress undoubtedly in-

1. The State of Tennessee was dismissed as a defendant because of this Court's finding that it had not waived its eleventh amendment immu-

nity against lawsuits brought under 42 U.S.C. §1983. 496 F.Supp. at 220.

tended to ... authorize fee awards payable by the States when their officials are sued in their official capacities." *Id.* at 694, 98 S.Ct. at 2575–2576. *Hutto v. Finney* requires the conclusion that attorney's fees may be awarded when an attorney general is successfully sued in his official capacity in a declaratory judgment action challenging the constitutionality of a state statute.

The Supreme Court's recent decision in *Supreme Court of Virginia v. Consumers Union,* 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980), provides an even more explicit basis for awarding attorney's fees in the instant case. The Court held in that case that the Supreme Court of Virginia, in its capacity as an enforcement agency of the State's Code of Professional Responsibility, was subject to a declaratory and injunctive suit under 42 U.S.C. § 1983, and to an award of attorney's fees under section 1988. *Id.* 446 U.S. at 734–738, 100 S.Ct. at 1976–1977, 64 L.Ed.2d at 656. The Court emphasized that, while prosecutors and other enforcement agencies are absolutely immune from damages liability, they are subject to suits for declaratory relief. *Id.* 446 U.S. at 734–738, 100 S.Ct. at 1976–1978, 64 L.Ed.2d at 656–57. Consequently, they are also subject to awards of attorney's fees to parties who prevail in such actions. *Id.* 446 U.S. at 736–739, 100 S.Ct. at 1977–1978, 64 L.Ed.2d at 657. The Court even referred to fee awards against state enforcement officials as "run–of–the–mill occurrences." *Id.* 446 U.S. at 739, 100 S.Ct. at 1978, 64 L.Ed.2d at 658. Most significantly, the Court recognized the propriety of such awards even though there would have been no need for the underlying lawsuit "had a state legislature acted or reacted in a different or more timely manner." *Id.*

This Court perceives no meaningful distinction between *Supreme Court of Virginia* and the instant case. Although he acted in a passive role, the Attorney General performed in an enforcement capacity when he defended the statute in this Court. Indeed, an attorney general's defense of state criminal statutes against a general constitutional attack is perhaps the ultimate form of law enforcement. The Court therefore

holds that the rationale of *Supreme Court of Virginia* authorizes an award of attorney's fees in the case *sub judice.* The fee can be paid directly from the Attorney General in his official capacity from funds of his agency, or from the State itself. *Hutto v. Finney, supra,* 437 U.S. at 700, 98 S.Ct. at 2579.

Attorney's fees are appropriate unless special circumstances make an award unjust. *Supreme Court of Virginia v. Consumers Union, supra,* 446 U.S. at 736–739, 100 S.Ct. at 1977–1978, 64 L.Ed.2d at 657. There are no such circumstances in this case, and in fact there are special circumstances that particularly compel an award. The Court first notes that the defense of the barratry statute in this Court was not the Attorney General's only act of enforcement in regard to the barratry statute. Specifically, the Court observes that the Attorney General intervened in a civil barratry action in state court against certain of the plaintiffs who brought this action. The purpose of that lawsuit was to obtain an injunction against the litigation activities of these parties, as then provided by T.C.A. § 39–3409. As the Court found in its September 2, 1980, memorandum, such an application of the barratry statute unconstitutionally intruded upon legitimate first amendment activities. Nevertheless, the Attorney General chose to intervene in support of the barratry statute in that state court action. Second, the Court observes that the Attorney General could have elected not to defend the statute in this Court, because T.C.A. § 8–6–109(9) provides that he may decline to defend state legislation "where he is of the opinion that such legislation is not constitutional." In light of *NAACP v. Button,* 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963), the unconstitutionality of the barratry statute should have been a foregone conclusion. The attempt to distinguish *Button* on the grounds that it was a "racial discrimination" case was half–hearted at best, and serves only to demonstrate the futility of the effort to defend the statute.

Having determined that this case calls for the award of attorney's fees, the final step is their calculation. Plaintiffs' counsel has submitted a carefully itemized statement with his affidavit, and it is the Court's understanding that defendant has no objection to its contents. Plaintiffs ask for a total of $5,471.91, which the Court finds to be reasonable. They shall therefore recover that amount.