884 F.2d 580
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Randy Lauren SWIFT, Plaintiff-Appellant,
v.
Louise STEFFEN, Registered Nurse; Doctor Huff, Medical
Doctor; Elnun Ecliluff, Inspector; Captain Prince,
Captain; Jack Vanweeldan, Guard; K. Hepworth, Guard;
Vicky Boukamp, Guard; Randy Youngs, Hearing Investigator;
Richard Griffith, Detective Sgt.; Alan Schneider, Asst.
Prosecutor; Tony Tague, Asst. Prosecutor; Joseph Fisher,
Asst. Prosecutor; Edward Farmer, Dist. Ct. Judge; Ronald
Pannucci, Circuit Ct. Judge, Defendants-Appellees.
 No. 89-1015.
 United States Court of Appeals, Sixth Circuit.
 Aug. 24, 1989.
 
 1
 Before KEITH and BOYCE F. MARTIN, Jr., Circuit Judges, and JULIA S. GIBBONS, District Judge.*
 
 ORDER
 
 2
 Randy L. Swift, a pro se Michigan prisoner, appeals the district court's order dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking declaratory, injunctive and monetary relief in the amount of $60,000 against each defendant, Swift, a prisoner at Muskegon Correctional Facility, sued fourteen defendants, claiming they all conspired to violate his civil rights by falsely accusing him of attempting to rape Louise Steffen, a prison nurse. Defendants filed various motions to dismiss or for summary judgment to which plaintiff responded. The matter was referred to a magistrate whose report and recommendation the district court adopted over plaintiff's timely objections. This appeal followed.
 
 
 4
 Upon consideration, we affirm the district court's dismissal of Swift's complaint as he failed to allege a deprivation of a right secured under the Constitution. See Parratt v. Taylor, 451 U.S. 527, 535 (1981). The district court properly dismissed plaintiff's claims against Judges Pannucci and Farmer as each allegation against them involve their judicial acts. Judges acting in their judicial capacity are immune from liability for damages under civil rights statutes, absent a showing that they acted in clear absence of all jurisdiction. See Forrester v. White, 108 S.Ct. 538 (1988); Stump v. Sparkman, 435 U.S. 349 (1978).
 
 
 5
 Upon further consideration, we conclude that plaintiff's malicious prosecution claim against assistant prosecutors Tague, Fisher and Schneider is likewise without merit. One of the two elements necessary to prevail on a malicious prosecution theory is that plaintiff plead and prove the elements of the common law tort of malicious prosecution itself. McMaster v. Cabinet for Human Resources, 824 F.2d 518, 520 (6th Cir.1987); Lucsik v. Board of Education, 621 F.2d 841 (6th Cir.1980). Because one of the essential elements of the tort is that the criminal prosecution terminate in plaintiff's favor, see Drobczyk v. Great Lakes Steel Corp., 367 Mich. 318, 323 (1962), and Swift pled guilty to the charges against him, he states no claim for malicious prosecution. Further, because these defendants acted within the scope of their prosecutorial duties, they are entitled to absolute immunity. See Imbler v. Patchman, 424 U.S. 409, 430-31 (1976).
 
 
 6
 Finally, plaintiff's claims against Nurse Steffen, the victim, and against defendants Van Weelden, Hepworth, and Baukamp, the officers who came to her assistance, were properly dismissed. These defendants' statements formed the basis upon which a complaint was referred to the prosecutor's office and on which a felony warrant was subsequently issued. If plaintiff had not pled guilty to the charges against him and there had been a trial, these defendants would have been called as witnesses to give testimony against plaintiff. Hence, they are entitled, as witnesses, to absolute immunity from Sec. 1983 damage liability. See Briscoe v. LaHue, 460 U.S. 325, 340-41 (1983).
 
 
 7
 Accordingly, the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julia S. Gibbons, U.S. District Judge for the Western District of Tennessee, sitting by designation