72 F.3d 129
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 James L. CHILDS, Plaintiff-Appellant,
v.
STATE OF OHIO; George V. Voinovich, Governor; Arthur Tate;
David L. Landefeld; Reginald Wilkinson; Herbert Estis,
Dr.; Todd McComas, Sgt.; John F. Littlefield; Connie
Jones; S.M. Miller; R.P. West; Betty Montgomery; Gerald
E. Dailey; J. Matthews; Gary Mohr; D.L. Miller; Patrick
Desantis; Kay Jones; Dennis Hogan; Ms. Williams; Ms.
Martin; Lt. Wilson, Defendants-Appellees.
 No. 95-3035.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1995.
 
 1
 Before: MARTIN and JONES, Circuit Judges, and BELL, District Judge.*
 
 ORDER
 
 2
 James L. Childs, a pro se Ohio prisoner, moves for sanctions, injunctive relief, miscellaneous relief, and to expedite the motion for sanctions on appeal from a district court's order dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his original complaint and various subsequent filings, Childs claimed that: 1) the defendants did not place him in protective custody after Childs testified as a prosecution witness in a state criminal proceeding; 2) the defendants did not grant Childs an early release in exchange for his testimony; and 3) the defendants denied Childs adequate medical treatment and treated him harshly in violation of the Eighth Amendment. Childs sought injunctive and monetary relief and sued the defendants in their individual and official capacities.
 
 
 4
 In an opinion and order filed December 4, 1991, the district court granted Childs's motion for voluntary dismissal of defendants Voinovich, West, Miller, Landefeld, Littlefield, and the State of Ohio. In an order filed September 30, 1992, the district court granted the motion to dismiss filed by defendants West, Miller, Hogan, Fisher, and Dailey. In an order filed September 21, 1993, the district court granted a motion to dismiss filed by defendant Landefeld. Lastly, in an opinion and order filed December 27, 1994, the district court granted summary judgment in favor of the defendant prison officials and employees on Childs's Eighth Amendment claim.
 
 
 5
 Upon review, we conclude that the district court properly dismissed defendants West, Miller, Hogan, Fisher, Dailey, and Landefeld because Childs undoubtedly can prove no set of facts in support of his claims against these defendants. See Taxpayers United for Assessment Cuts v. Austin, 994 F.2d 291, 296 (6th Cir.1993). Having acted within his official capacity and within the scope of his jurisdiction, Judge West is protected by absolute immunity from civil liability for actions taken in relation to the allegations set forth in Childs's amended complaint. Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).
 
 
 6
 Defendants Miller and Hogan were properly dismissed because these defendants enjoyed immunity from liability with respect to their actions in filing a memorandum opposing a motion by Childs for early release. Such acts are "intimately associated with the judicial phase of the criminal process" to which prosecutorial immunity attaches. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976).
 
 
 7
 Defendants Fisher and Dailey were properly dismissed because they enjoyed immunity from liability for their acts in defending the state against a claim under Sec. 1983. See Ellison v. Stephens, 581 F.2d 584, 585 (6th Cir.1978).
 
 
 8
 Dismissal of defendant Landefeld was proper because Landefeld enjoyed absolute immunity from civil liability for whatever action he took, or failed to take, with respect to securing Childs's early release from prison. Imbler, 424 U.S. at 430. There is also no causal connection between actions that Landefeld took, or failed to take, and the assault committed on Childs by inmates well beyond Landefeld's control. See Horn ex rel Parks v. Madison County Fiscal Court, 22 F.3d 653, 659 (6th Cir.), cert. denied, 115 S.Ct. 199 (1994).
 
 
 9
 Upon further review, we conclude that the various prison officials and employees were entitled to summary judgment on Childs's Eighth Amendment claim. See City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 250 (6th Cir.1994). None of the defendants consciously disregarded some excessive risk to Childs's health or safety, and thus they did not exhibit the type of deliberate indifference which is actionable under the Eighth Amendment. See Farmer v. Brennan, 114 S.Ct. 1970, 1981-82 (1994); Estelle v. Gamble, 429 U.S. 97, 106 (1976).
 
 
 10
 The district court failed to address Childs's claim dealing with his request to be placed in protective custody following his testimony in a murder trial involving another state prisoner, and his claims that he was assaulted by friends of the other state prisoner when he was placed in the general population rather than in protective custody. The district court's failure to address these claims was harmless error. See Fed.R.Civ.P. 61. Where the issue is whether prison officials failed to protect an inmate from an assault by other inmates, the standard is whether the prison officials were deliberately indifferent to the plaintiff's security needs. McGhee v. Foltz, 852 F.2d 876, 880-81 (6th Cir.1988). Childs did not produce any evidence establishing that the defendants had any knowledge of the risk of assault from other inmates, and thus the claim is without merit. See Farmer, 114 S.Ct. at 1982-83.
 
 
 11
 Finally, Childs's argument regarding additional discovery is without merit.
 
 
 12
 Accordingly, the motions for the various forms of relief are denied, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation