**William Frederick WHEELER, Plaintiff,**

v.

**James S. GILMORE, et al., Defendants.**

**Civil Action No. 96–1015–AM.**

United States District Court,
E.D. Virginia,
Alexandria Division.

March 30, 1998.

---

William Frederick Wheeler, State Farm, VA, pro se.

James S. Gilmore, III, Attorney General, Peter R. Messitt, Senior Assistant Attorney General, Richmond, VA, for Defendants.

## MEMORANDUM OPINION

ELLIS, District Judge.

Plaintiff, a Virginia inmate, filed this 42 U.S.C. § 1983 complaint *pro se*, alleging that the three individual defendants[1] used his presentence report in a civil suit in violation of his rights under the Privacy Act of 1974. Plaintiff also alleges that defendants' actions violated his constitutional rights. Defendants have moved to dismiss the complaint on various grounds. For the reasons that follow, defendants' motion must be granted.

### I. Background [2]

On November 3, 1992, plaintiff was questioned by Thomas Gladson ("Gladson"), a Virginia State Trooper, regarding allegations of prescription fraud. As a result of this investigation, plaintiff was indicted for prescription fraud. On May 2, 1994, plaintiff pled guilty to that charge in the Circuit Court for the City of Norfolk. The next day, the *Norfolk Virginian Pilot* newspaper printed an article stating that, according to a State Police investigator, plaintiff was also guilty of several illicit acts involving children, specifically, child molestation, distribution of narcotics to minors for perverted sexual acts, and sexual advances to minor patients.

In response to the newspaper article, plaintiff filed two civil defamation lawsuits, one against the *Virginian Pilot* and the other against Gladson, who made the statements to the newspaper. Defendant Gaden, a former Assistant Attorney General for the Com-

---

1. Plaintiff names the following defendants: James S. Gilmore ("Gilmore"), the Attorney General of Virginia at the time this action commenced; Gregory E. Lucyk ("Lucyk"), Senior Assistant Attorney General; and Barbara J. Gaden ("Gaden"), a former Assistant Attorney General.

2. The facts stated here are those alleged in the complaint, for on a motion to dismiss, the material facts alleged in the complaint are taken as true, solely for the disposition of the motion. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

monwealth of Virginia, was assigned by her supervisor, defendant Lucyk, to represent Gladson in the civil defamation suit. According to plaintiff, Gaden used her position at the Attorney General's office to obtain plaintiff's sealed pre-sentence report from the Norfolk Circuit Court. She then formulated requests for admissions in the civil suit that appeared to reveal information contained in the presentence report.[3] According to plaintiff, these requests for admissions were not just used in the civil defamation suit; they were also given to the *Virginian Pilot* by defendant Gaden. In so doing, plaintiff claims defendants violated his privacy rights under both the Privacy Act and the Constitution.

## II. Privacy Act of 1974

■ Plaintiff alleges without elaboration that defendants Gaden, Lucyk, and Gilmore violated the Privacy Act of 1974, 5 U.S.C. § 552a. The Privacy Act limits the kind of information that can be collected or disclosed by government agencies and provides a private cause of action against an agency for violating the Act's provisions. Yet, as the Act makes clear, an agency is the only proper defendant under the Act and, therefore, individuals may not be named as defendants in such actions.[4] *See* 5 U.S.C. § 552a(g)(1); *Schowengerdt v. General Dynamics Corp.*, 823 F.2d 1328, 1340 (9th Cir.1987); *Williams v. Department of Veteran Affairs*, 879 F.Supp. 578, 586 (E.D.Va.1995). Thus, plaintiff's Privacy Act claim against the three individual defendants must be dismissed.

## III. Qualified Immunity

Plaintiff also asserts that defendant Gaden violated his constitutional right to privacy[5] by (1) fraudulently obtaining plaintiff's presentence report; (2) using information in the pre-sentence report to formulate requests for admissions in a civil defamation suit; and (3) giving a third party access to plaintiff's pre-sentence report. In response to these allegations, Gaden asserts that she is entitled to both qualified and absolute immunity[6] and

---

3. The requests for admission revealed information from the pre-sentence report by explicitly incorporating that information into the requests as follows:

> 36. During the presentence investigation, [plaintiff] provided the interviewer with his treatment history, which included the following:
> A. During 1989, [plaintiff] entered Hampton's Peninsula Hospital for treatment and, contrary to professional advice, left the hospital roughly two months into the program.
> B. In September, 1989, [plaintiff] was referred to The Tarbott Recovery Center in Atlanta, Georgia, after being reported for drug abuse by a nurse at the Airline Medical Center in Portsmouth, Virginia. [Plaintiff] completed the inpatient program during a four-month hospitalization.
> C. From July 27, 1993, through March 24, 1994, [plaintiff] was a patient at Eastern State Hospital in Virginia. His diagnosis included dysthymia disorder, alcohol dependency, opioid dependency, and sexual disorder. Upon discharge, he was categorized as "not recovered/improved."
> D. Prior to his incarceration, [plaintiff] continued to address his problems through professional counseling with the Virginia Beach Community Mental Health and Comprehensive Substance Abuse Program. In addition, he sought therapy for his sexual disorders.

4. Plaintiff did not name the defendants' state agency, the Office of the Attorney General, as a defendant in this action. Moreover, even if he had, it is doubtful that the agency would be amenable to suit under the Privacy Act. *See Polchowski v. Gorris*, 714 F.2d 749 (7th Cir.1983)(holding that the Act applies only to federal agencies); *St. Michael's Convalescent Hosp. v. California*, 643 F.2d 1369 (9th Cir.1981)(holding that the Act does not encompass state agencies or bodies).

5. The complaint, does not specify which defendants are sued on each claim. Thus, it may be read as including defendants Lucyk and Gilmore as named defendants in the constitution claim. Yet, even if so read, the constitutional claim against these defendants must fail, for as the complaint makes clear, plaintiff cannot affirmatively show, as the law requires, that either of these defendants " ' acted personally in the deprivation of the plaintiff's rights...' " *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir.1985)(quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)); *accord Garraghty v. Virginia*, 52 F.3d 1274, 1280 (4th Cir.1995). Nor may plaintiff avail himself of the doctrine of respondeat superior, as this doctrine is inapplicable to § 1983 claims. *See Wright*, 766 F.2d at 850. Accordingly, plaintiff's constitutional claim against defendants Lucyk and Gilmore fails on these bases.

6. In support of her assertion that she is entitled to absolute immunity, Gaden cites language contained in *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978), stating that absolute immunity is necessary for judges, advo-

that plaintiff has no constitutional privacy right in his pre-sentence report. Because the constitutional right asserted by plaintiff is neither clearly established nor absolute, defendant Gaden is entitled to qualified immunity.

■ To determine whether a state official is entitled to qualified immunity, courts must make three distinct determinations. *Collinson v. Gott*, 895 F.2d 994, 998 (4th Cir.1990)(Phillips, J., concurring); *see also Pittman v. Nelms*, 87 F.3d 116, 118–19 (4th Cir.1996). First, courts must identify the particular right allegedly violated. *See Collinson*, 895 F.2d at 998. Second, courts must determine whether the right is clearly established. *See id.* Finally, courts must determine whether a state official could have reasonably believed that his or her conduct was lawful. *See id.* Here, because plaintiff cannot demonstrate that he has a clearly established constitutional right that the confidentiality of his presentence report be maintained, defendant Gaden enjoys qualified immunity.

■ It is well settled that government officials performing discretionary functions enjoy qualified immunity if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known" at the time of the conduct. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *accord Pinder v. Johnson*, 54 F.3d 1169, 1173 (4th Cir.1995); *Williams*, 879 F.Supp. at 582; *Plowman v. United States Dep't of the Army*, 698 F.Supp. 627, 632 (E.D.Va.1988). In determining whether the right was clearly established, courts must focus on whether the "contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); *see also Price v. Sasser*, 65 F.3d 342, 345 (4th Cir.1995); *Wiley v. Doory*, 14 F.3d 993, 995

(4th Cir.1994). A right is clearly established if it has been authoritatively decided by the United States Supreme Court, the appropriate circuit court of appeals, or the highest state court where the challenged official act occurred. *See, e.g., Pritchett v. Alford*, 973 F.2d 307, 314 (4th Cir.1992); *Wallace v. King*, 626 F.2d 1157, 1161 (4th Cir.1980). Judicial decisions are not the only source of clearly settled rights; in appropriate circumstances, clearly settled rights also may be found in statutes or may be "manifestly included within more general applications of the core constitutional principle invoked." *Pritchett*, 973 F.2d at 314. Thus, the threshold qualified immunity question here is whether there is a clearly established constitutional right to privacy in information contained in a pre-sentence report.

■ The search for such a right properly begins with the recognition of the broad principle that the Due Process Clause of the Fourteenth Amendment protects fundamental aspects of personal privacy interests from government intrusion. *See Whalen v. Roe,* 429 U.S. 589, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977); *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). And, it is also settled that constitutional privacy interests generally fall into two categories: "[1] the individual interest in avoiding disclosure of personal matters, and ... [2] the interest in independence in making certain kinds of important decisions." *Whalen*, 429 U.S. at 600–01. Seizing on this broad Supreme Court pronouncement, plaintiff contends that his claim is based on a clearly settled constitutional right because it falls generally under the first *Whalen* category. This contention fails; the *Whalen* categories are far too broad and abstract to form the basis for plaintiff's clearly established constitutional right. As this circuit's settled authority teaches, "[i]n determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the

---

cates, and witnesses to perform their respective functions. *See id.* at 512. She also presents authority from other circuits to support her claim of absolute immunity. *See Barrett v. United States,* 798 F.2d 565 (2d Cir.1986)(holding that government attorney who defended civil suit is entitled to absolute immunity); *Ellison v. Ste-*

*phens,* 581 F.2d 584 (6th Cir.1978)(holding that state attorney general may not be sued under § 1983 for raising sovereign immunity defense in wrongful death action). Because it is clear, for the reasons set forth here, that Gaden is entitled to qualified immunity, the issue of absolute immunity is not reached.

specific conduct being challenged." *Pritchett v. Alford,* 973 F.2d at 312. And here, at the level of the specific challenged conduct—namely, disclosure of personal information contained in a presentence report—there is no controlling authority in this circuit holding that *Whalen's* second category specifically includes a constitutional privacy right in the personal information contained in state pre-sentence reports.[7] Moreover, the Supreme Court has never squarely confronted and re-solved whether there is any implicit constitutional privacy right covering personal confidential information like that contained in a pre-sentence report. *See Williams,* 879 F.Supp. at 582 n. 9. It is in precisely these kinds of circumstances that qualified immunity should apply, for officials like Gaden should be liable for "transgressing bright lines," but not, as here, "for bad guesses in gray areas." *See Maciariello v. Sumner,* 973 F.2d 295, 298 (4th Cir.1992). In sum, Gaden is entitled to qualified immunity because it is far from clear whether the constitutional right plaintiff asserts even exists, and thus, even assuming its existence *arguendo,* one cannot expect that a reasonable person in Gaden's position would have understood that her conduct violated the Constitution.[8]

Seeking to avoid this result, plaintiff claims that Gaden's conduct violated several Virginia statutes, specifically Virginia Code §§ 19.2–299, 19.2–389, 9–194, 9–195, and 52–8.3. According to plaintiff's complaint, these code provisions make "fraudulent [sic] use of Criminal History Records" a crime in Virginia. This claim may not be inaccurate,[9] but more to the point, it is simply irrelevant to the qualified immunity analysis. This is so because the Supreme Court has made clear that officials do not "lose their [qualified]

immunity by violating the clear command of a statute or regulation—of federal or state law—unless that statute or regulation provides the basis for the cause of action sued upon." *Davis v. Scherer,* 468 U.S. 183, 194 n. 12, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984). Because plaintiff pursues this claim under § 1983, only a violation of the Constitution or the laws of the United States can serve as a basis for the claim. *See West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Thus, because none of the Virginia Code provisions plaintiff cites is the basis of his cause of action, none defeats Gaden's claim of qualified immunity. In sum, any alleged violation of Virginia law, even assuming its accuracy, is irrelevant to Gaden's claim of qualified immunity.

Based on the foregoing reasons, defendants' motion to dismiss must be granted and, accordingly, this action must be dismissed. An appropriate order will issue.

---

7. Outside this circuit, only the Fifth Circuit appears to have so held. *See United States v. Huckaby,* 43 F.3d 135 (5th Cir.1995) (holding that defendant had a privacy interest in information contained in his presentence report but further holding that disclosure of that information was warranted in the circumstances).

8. Decisions reaching the same result in essentially similar circumstances are legion. *See, e.g., Hodge v. Jones,* 31 F.3d 157 (4th Cir.1994); *Williams,* 879 F.Supp. 578.

9. Va.Code § 19.2–299 mandates, *inter alia,* that a presentence report be kept confidential. Va.

Code § 19.2–389 defines those limited circumstances in which a person's criminal history information may be disseminated, and Va.Code § 9–194 provides a civil remedy for violation of § 19.2–389. Va.Code § 9–195 provides that any person who wilfully and intentionally disseminates criminal history information in violation of Va.Code § 19.2–299 shall be guilty of a class 2 misdemeanor, and Va.Code § 52–8.3 provides that any law enforcement agency employee who knowingly and willfully or intentionally disseminates criminal history information is also guilty of a Class 2 misdemeanor.