Justice GORSUCH, dissenting.
This Court is not in the business of deciding abstract questions, no matter how interesting. Under the Constitution, our power extends only to deciding "Cases" and "Controversies" where the outcome matters to real parties in the real world. Art. III, § 2. Because it's unclear whether we have anything like that here, I would dismiss the petition as improvidently granted.
This case began when Mission licensed the right to use certain of Tempnology's trademarks. After Tempnology entered bankruptcy, it sought and won from a bankruptcy court an order declaring that Mission could no longer use those trademarks. On appeal and now in this Court, Mission seeks a ruling that the bankruptcy court's declaration was wrong. But whoever is right about that, it isn't clear how it would make a difference: After the bankruptcy court ruled, the license agreement expired by its own terms, so nothing we might say here could restore Mission's ability to use Tempnology's trademarks.
Recognizing that its original case seems to have become moot, Mission attempts an alternative theory in briefing before us. Now Mission says that if it prevails here it will, on remand, seek money damages from Tempnology's estate for the profits it lost when, out of respect for the bankruptcy court's order, it refrained from using the trademarks while its license still existed.
But it's far from clear whether even this theory can keep the case alive. A damages claim "suffices to avoid mootness only if viable," which means damages must at least be "legally available for [the alleged] wrong." 13C C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3533.3, p. 22 (3d ed. 2008). Yet, as far as Mission has told us, Tempnology did nothing that could lawfully give rise to a damages claim. After all, when Tempnology asked the bankruptcy court to issue a declaratory ruling on a question of law, it was exercising its protected "First Amendment right to petition the Government for redress of grievances." Bill Johnson's Restaurants, Inc. v. NLRB , 461 U. S. 731, 741, 103 S.Ct. 2161, 76 L.Ed.2d 277 (1983). And petitioning a court normally isn't an actionable wrong that can give rise to a claim for damages. Absent a claim of malice (which Mission hasn't suggested would have any basis here), the ordinary rule is that " 'no action lies against a party for resort to civil courts' " or for "the assertion of a legal argument." Lucsik v. Board of Ed. of Brunswick City School Dist. , 621 F. 2d 841, 842 (CA6 1980) (per curiam ); see, e.g. , *1668 W. R. Grace & Co. v. Rubber Workers , 461 U. S. 757, 770, n. 14, 103 S.Ct. 2177, 76 L.Ed.2d 298 (1983) ; Russell v. Farley , 105 U. S. 433, 437-438, 26 L.Ed. 1060 (1882).
Maybe Mission's able lawyers will conjure something better on remand. But, so far at least, the company hasn't come close to articulating a viable legal theory on which a claim for damages could succeed. And where our jurisdiction is so much in doubt, I would decline to proceed to the merits. If the legal questions here are of sufficient importance, a live case presenting them will come along soon enough; there is no need to press the bounds of our constitutional authority to reach them today.