**ALLEN v. KILLORAN, Attorney General of Delaware, et al.**

Civil Action No. 389.

District Court, D. Delaware.

June 26, 1944.

James R. Allen, pro. per.

Clair John Killoran, Atty. Gen. of Delaware, and Leonard G. Hagner, of Wilmington, Del., for defendants.

LEAHY, District Judge.

The plaintiff here is the same person who instituted suit in Civil Action No. 338 Allen v. Corsano, D.C., 56 F.Supp. 169. The best way to understand what plaintiff seeks is to report the pleadings in haec verba.

Plaintiff labels his complaint a "Petition for an Injunction". It reads:

"Petition for an Injunction

"1. The petitioner declares that as a citizen of the United States he has certain rights and liberties that can not be abridged by state laws.

"2. That the Fifth Amendment to the Constitution of the United States provides

that no person shall be deprived of life, liberty, or property without due process of law.

"3. That the Fourteenth Amendment to the Constitution of the United States provides that no state shall make or enforce any law which shall abridge the rights and immunities of a citizen of the United States. It further provides that its citizens shall not be deprived of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

"4. That there are on the Statute Books of the State of Delaware, and Ordinances of the City of Wilmington, in the said State, designed as revenue laws, which require that before any person shall commence any business he shall pay a certain sum of money to obtain a license to conduct any such business.

"5. That such license fees are in the same category as the processing taxes which were levied under the Agriculture Adjustment Act, 7 U.S.C.A. § 601 et seq., which the processors of grain products had to pay in advance and which they charged deprived them of their capital or property without due process of law, which plea was upheld by the United States Supreme Court in voiding of the Act.

"6. That the paying of money to obtain a license for the liberty of using his talent and experience to gain a livlihood deprives the petitioner of his capital or property without due process of law contrary to the provisions of the Fifth and Fourteenth Amendments to the Constitution of the United States.

"7. That such statutes and ordinances do not give equal protection of the laws to gain a livlihood.

"8. That your petitioner is kept in fear of arrest and caused much mental pain because of the intimidation and constant demands by the police of the City of Wilmington, Magistrates, and officials connected with the State Tax Department of the State of Delaware that he forfeit certain money to obtain a license, and thus endeavor to deprive him of his property without due process of law.

■ "Wherefore, the petitioner prays that an order be issued out of this Honorable Court designating a place and time that the Respondents shall appear and show cause, if any they may have, why they should not be permanently enjoined and restrained from enforcing the provisions of any such laws which have for their purpose the assessing of fees or other valuable consideration as a condition whereby a citizen of the State may exercise his liberty and use his talent and experience to gain a livelihood." [1]

■ The defendants are C. J. Killoran, Attorney General of the State of Delaware, and H. C. Simmons, Clerk of the City Council of Wilmington. Both have moved to dismiss [2] the complaint on the ground, among others, that it fails to state a claim upon which relief can be granted. Plaintiff countered with his own motion to dismiss defendants' motion. It reads:

"1. To dismiss the Defendant's motion because the judicial power of the District Courts, as provided in Paragraph 1, Section 2, of Article III of the Constitution, extends to all cases in law and equity arising under the Constitution.

"2. To dismiss the Defendants motion because Paragraph 2, of Article 6 of the Constitution provides that the Constitution is the supreme law of the land, and any thing in the constitution or laws of any state to the contrary notwithstanding and certain Delaware statutes are contrary to the Constitution.

"3. To dismiss the Defendant's motion because a violation of the Federal constitution is involved, namely: statutes which deprive citizens of their liberty and property without due process of law contrary to the provisions of the Fifth and Four-

---

[1] The complaint prays only for a permanent injunction against the application of the statutes and ordinances charged to be unconstitutional. Consequently a three-judge court is not required under Sec. 266 of the Judicial Code, 28 U.S.C.A. § 380. See Ghadiali v. Delaware State Medical Society, D.C., 48 F.Supp. 789, at pages 792, 793.

[2] Both in this action and in Civil Action 388, defendants originally moved to strike the complaint for failure of jurisdictional amount. Later, all defendants abandoned this ground. See Ghadiali v. Delaware State Medical Soc., Del., 48 F. Supp. 789, that the district court will entertain a suit for an injunction to restrain infringement of plaintiff's right of freedom of speech without proof that the amount in controversy exceeds $3000 based upon Douglas v. Jeanette, 319 U. S. 157, 63 S.Ct. 877, 882, 87 L.Ed. 1324.

teenth Amendments to the Constitution of the United States.

"4. To dismiss the Defendant's motion because the Court has the power to declare state laws and the ordinances of its sub-divisions null and void and prevent further enforcement of those laws or ordinances, thereby granting relief to the Petitioner against being deprived of his liberty or property without due process of law contrary to the provisions of the Fifth and Fourteenth Amendments.

"5. To dismiss the Defendant's motion because the similarity of the motions filed by the Defendant's and their attorney's in Cases No's 388 and 389 indicate that there is an organized conspiracy[3] to obstruct and defeat the orderly course of justice by preventing consideration of the constitutional issues and charges in the Plaintiff's petition."

While plaintiff does not refer to the statutory base for the jurisdiction of this court, it is assumed he is proceeding under Sec. 1 of the Civil Rights Act of April 20, 1871, 17 Stat. 13, 8 U.S.C.A. § 43, which provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."[4]

While briefs are not part of the record,[5] nevertheless the court has utilized plaintiff's briefs and considered them as a part of the pleadings for it is only in the briefs that plaintiff refers to the particular Delaware statute and ordinances of the City of Wilmington which he challenges as unconstitutional.[6] We shall consider therefore that plaintiff has appropriately challenged the particular Delaware statute and ordinances of the City of Wilmington as not conforming to the Constitution (the Fifth and Fourteenth Amendments).

Plaintiff contends that the Revised Code of Delaware of 1935, c. 6, Sec. 162, p. 64, is invalid. The statute simply defines certain business occupations which require licenses. The particular paragraph to which plaintiff objects (Sec. 162(8) ) is that which defines a "contractor" as one who is "engaged in the business of the construction, alteration or repairing of buildings * * *." Likewise, he contends Sec. 164, which provides that if anyone engages in or carries on any business defined in Sec. 162 within the State of Delaware without first having obtained a proper license he will be guilty of a misdemeanor and upon conviction will be subject to a certain fine or a term of imprisonment, is invalid. Sec. 163 provides a procedure for obtaining such occupational licenses from the State Tax Department.

Without more we could dismiss plaintiff's action because he is like the good knight tilting at wind-mills. Those sections of the Code which he asserts are unconstitutional have long since been repealed. Sec. 162 has been amended by 41 Laws of Del. 48, 57, and 42 Laws of Del. 132, and is now known as Sec. 161. Sec. 163 (now Sec. 162) has been amended by 41 Laws of Del. 53, 54, 58, by 42 Laws of Del. 129, 132, and by 43 Laws of Del. 21. Sec. 164 (now Sec. 163) has been amended by 41 Laws of Del. 54 and 43 Laws of Del. 23. But, for the purposes of this case we shall assume that plaintiff attacks the statutes in their amended form and as they presently exist, for the current statutes still require occupational licenses for stated and uniform fees.

Various ordinances found in the Revised Code of Wilmington, Delaware (1942), c. 32, provide that persons engaged in the

---

3 The reference is to Civil Action 388, Allen v. Corsano, 56 F.Supp. 169. Apparently, plaintiff conceives an over all conspiracy between the defendants in both actions.

4 Sec. 24(14) of the Judicial Code, 28 U.S.C.A. § 41(14), utilizes substantially the same language in providing for the jurisdiction of the district courts. See Hague v. Committee for Industrial Organization, 307 U.S. 496, 508, 59 S.Ct. 954, 83 L.Ed. 1423; Douglas v. Jeanette, supra, 319 U.S. at page 161, 63 S.Ct. at page 880, 87 L.Ed. 1324.

5 Black & Yates v. Mahogany Ass'n, 3 Cir., 129 F.2d 227, 237, 148 A.L.R. 841.

6 An obvious alternate holding could be had here dismissing the complaint for failure to indicate what particular Delaware statute and ordinances of the City of Wilmington are involved. But, as stated, the court desires to get to plaintiff's points quickly and to dispose of them without regard to technicalities of pleading.

occupations of a painter, plumber, plasterer, roofer, electrical contractor, contractor and builder (among many others) are required to procure a city occupational license before performing such businesses.

State and municipal license fees or taxes may be imposed according to a reasonable classification and the imposition of such charges is not in violation of due process. It is firmly established that a license may be required to engage in any profession, trade, occupation, or business affecting the public.[7] There is nothing in the statutes or ordinances upon which plaintiff can rest an argument that the classification or assessment and collection of the fee is inconsistent with due process of law. The court finds the ordinances and statutes which plaintiff meant to discuss in his brief (and which should have been in his pleadings) to be constitutional. Their application to plaintiff, if he wishes to engage in such trades or occupations as are contained in such regulatory measures, is lawful.

The complaint should be dismissed.

[7] The cases are collected in 16 C.J.S., Constitutional Law, § 659, p. 1382 et seq.