**BOTTONE v. LINDSLEY et al.**

No. 3707.

United States Court of Appeals
Tenth Circuit.

Nov. 5, 1948.

Rehearing Denied Dec. 13, 1948.

Joseph W. Bottone, pro se.

Anthony F. Zarlengo, of Denver, Colo., for appellees.

Before PHILLIPS, Chief Judge, BRATTON and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

This is a suit for damages by appellant, Joseph Bottone, under the so-called Civil Rights Act, Sections 43 and 47, Title 8 U.S.C.A.,R.S., §§ 1979, 1980, against the Administrator of the Estate of Acquiline Bottone, deceased, and the lawyers and judge who participated in a suit unsuccessfully prosecuted by this appellant in the District Court of the State of Colorado.

Treated most favorably to the appellant, the complaint alleges that by the state court proceedings, the defendants conspired to deprive him of his property without due process of law and of the equal protection of the laws, in violation of the Fourteenth Amendment to the Constitution of the United States. Particularly it is alleged that the State District Court wrongfully assumed jurisdiction of the subject matter, denied him a jury trial, and allowed a cross-claim against him. The trial court sustained a motion to dismiss on the grounds that the complaint did not state facts sufficient to constitute a claim upon which relief could be granted, and this appeal is from a judgment for the defendants.

Diversity of citizenship is alleged, and requisite amount in controversy is shown upon the face of the pleadings. Since, however, the cause of action is asserted under the Civil Rights Act, neither diversity nor amount in controversy is prerequisite to jurisdiction. Section 1343, Title 28 U.S.C.A. Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 882, 87 L.Ed. 1324, 146 A.L.R. 81; Hague v. C.I.O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423; Allen v. Killoran, D.C., 56 F.Supp. 173.

Section 43, Title 8 U.S.C.A., gives a right of action against every person who, under color of law, deprives any person within the jurisdiction of the United States of any right, privilege or immunity secured by the Constitution and laws of the United States. Section 47, in material part, grants a right of action for conspiracy to deny any citizen the equal protection of the laws. The Fourteenth Amendment to the Constitution of the United States secures every person against deprivation of life, liberty, or property without due process of law, or denial of the equal protection of the law. It is said that by these statutes, Congress gave a right of action, sounding in tort, to every individual whose federal rights were trespassed upon by any officer acting under pretense of state law. Picking v. Pennsylvania R. Co., 3 Cir., 151 F.2d 240; United States v. Classic, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368; Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed 1495, 162 A.L.R. 1330; Mitchell v. Greenough, 9 Cir., 100 F.2d 184. Cf. Viles v. Symes, 10 Cir., 129 F.2d 828. But Sections 43 and 47 grant separate and distinct rights of action. Section 43 does not give a cause of action for denial of equal protection of the laws, nor does Section 47 give a cause of action for denial of due process of law. See Mitchell v. Greenough, supra; Tinsley v. Anderson, 171 U.S. 101, 18 S.Ct. 805, 43 L.Ed. 91; Allen v. Corsano, D.C., 56 F. Supp. 169.

We seriously doubt whether lawyers who invoke the jurisdiction of a state court for the purpose of prosecuting a claim against a private individual, are state functionaries acting under color of state law within the meaning of Section 43. It may also be doubted whether a judge, acting in his official capacity, even in concert with officers of his court, act under color of state law in the trial of a case between private parties. In private litigation, the state merely furnishes the forum and has no interest one way or the other in the outcome. Cf. United States v. Classic, supra; Screws v. United States, supra; Lane v. Wilson, 307 U.S. 268, 59 S.Ct. 872, 83 L.Ed. 1281; Picking v. Pennsylvania R. Co., supra; Mitchell v. Greenough, supra. Sections 43 and 47 do not have the effect of

taking into federal control the protection of private rights against invasion by individuals. Hodges v. United States, 203 U.S. 1, 27 S.Ct. 6, 51 L.Ed. 65; Logan v. United States, 144 U.S. 263, 12 S.Ct. 617, 36 L.Ed. 429; Love v. Chandler, 8 Cir., 124 F.2d 785.

It is alleged, however, that in the performance of the acts complained of, each of the defendants acted as an officer of the Colorado state court, and for the purpose of considering the legal sufficiency of the complaint, we will assume the legal premise that the judge and the lawyers acted under color of state law. See Moyer v. Peabody, 212 U.S. 78, 29 S.Ct. 235, 53 L.Ed. 410; Picking v. Pennsylvania, R. Co., supra, 3 Cir., 151 F.2d 240, at page 250.

■ It is conceivable that persons, either individually or acting in concert might so use the state judicial process as to deprive a person of his property without due process of law, or of equal protection of the laws, yet we are certain that to make out a cause of action under the Civil Rights Statutes, the state court proceedings must have been a complete nullity, with a purpose to deprive a person of his property without due process of law. To hold otherwise would open the door wide to every aggrieved litigant in a state court proceedings, and set the federal courts up as an arbiter of the correctness of every state decision. "The Fourteenth Amendment did not alter the basic relations between the States and the national government." Screws v. United States, supra, 325 U.S. at page 109, 65 S.Ct. at page 1039, 89 L.Ed. 1495, 162 A.L.R. 1330. Nor does it "assure uniformity of decisions or immunity from merely erroneous action * * * ." See Justice Frankfurter concurring in Snowden v. Hughes, 321 U.S. 1, 15, 64 S.Ct. 397, 404, 88 L.Ed. 497. See also Moyer v. Peabody, supra.

■ It is shown upon the face of this complaint that the appellant regularly invoked the jurisdiction of the State Court, the case was tried, judgment was rendered, appealed to and affirmed by the Supreme Court of Colorado. Bottone v. Cattany, 115 Colo. 452, 174 P.2d 952. Without more,

it is clear that the appellant was not denied due process of law or the equal protection of the law, cognizable under the Civil Rights Act. The judgment is affirmed.