George H. BRASIER, Appellant,

v.

CITY OF TULSA, Oklahoma, Appellee.
No. 6079.

United States Court of Appeals
Tenth Circuit.

'June 23, 1959.

Rehearing Denied Aug. 27, 1959.

George H. Brasier, pro se.

Luther P. Lane, Tulsa, Okl. (Darven L. Brown, Henry Kolbus, Charles E. Norman, Wilton W. Works, Finis Smith and Robert N. Wilde, Tulsa, Okl., were with him on the brief), for appellee.

Before BRATTON, Chief Judge, and PHILLIPS and LEWIS, Circuit Judges.

PER CURIAM.

Appellant-plaintiff, a resident of Oklahoma, by complaint filed in the United States District Court for the Northern District of Oklahoma, asserts a right to compensatory and punitive damages against the City of Tulsa for the alleged unlawful conversion of his automobile. The trial court favored the City with summary judgment after determining from the pleadings and discovery proceedings that no material question of fact existed. We affirm, being in accord that the undisputed facts in the present

posture of the case reveal no basis for federal jurisdiction of the controversy.

On July 10, 1958, police officers of the City of Tulsa acting under the purported authority of a city ordinance [1] caused appellant's automobile to be seized, towed in and stored at a public garage and have since held the vehicle subject to appellant's compliance with the affirmative requirements of the ordinance. This, appellant has steadfastly refused to do and the car has remained impounded. At the time of the seizure the car was not being used in then present violation of any traffic regulation but it is admitted that there were then outstanding against the car two summonses for unpaid overtime parking violations (meter) and one summons for illegal parking to which latter charge appellant had responded and had been found to be not guilty after trial. Appellant, placing natural but legally irrelevant emphasis upon the erroneous inclusion, in the background of his present difficulties, of a charge upon which he had been acquitted, alleges a conspiracy upon the part of the City of Tulsa to violate his civil rights. Manifestly such an action will not lie for the City of Tulsa cannot conspire with itself and the Civil Rights Acts, 42 U.S.C.A. §§ 1983, 1985 are not shown to be applicable. Bottone v. Lindsley, 10 Cir., 170 F.2d 705.

Whether or not appellant has been wronged can only be determined by an interpretation of the constitutionality of the cited ordinance. We express no present opinion upon that question for the issue was not presented by the pleadings to the trial court and appellant stated in open court that he was not attempting to question the validity of the ordinance in the instant action.

Affirmed.

1. "(b) No person, owner or operator shall park, drive or permit to be parked or permit to be driven any vehicle which has two or more traffic summons against it, such summons having been disregarded and unpaid. Any vehicle with two or more traffic summons unpaid and outstanding against it is hereby declared a public nuisance and may be impounded by the Police Department and released only on proof of ownership and payment in full of the storage and tow-in charges and the posting of suitable bond, approved by the Judge of the Municipal Court as surety for court appearance when such bond is required."