Ralph Herbert LINDLEY,
Plaintiff-Appellant,

v.

AMOCO PRODUCTION COMPANY and Floyd L. Walker, Defendants-Appellees.

No. 79-1491.

United States Court of Appeals,
Tenth Circuit.

Submitted Sept. 16, 1980.

Decided Jan. 26, 1981.

Douglas L. Boyd, Tulsa, Okl., for plaintiff-appellant.

Deryl Lee Gotcher and Roy C. Breedlove, of Jones, Givens, Brett, Gotcher, Doyle & Bogan, Inc., Tulsa, Okl., for defendants-appellees.

Before SETH, Chief Judge, LOGAN, Circuit Judge, and BOHANON, District Judge *.

BOHANON, District Judge.

Lindley brought this action against Walker and Amoco pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional right to privacy under the Fourteenth Amendment. The trial court awarded summary judgment to the defendants and Lindley appeals.

The claim arises out of a discovery order issued by an Oklahoma state judge during the course of a breach of employment contract action filed by Amoco against Lindley in an Oklahoma state court.

■ On appeal from an order granting a motion for summary judgment, the record is reviewed in light most favorable to the opposing party. *Prochaska v. Marcoux*, 632 F.2d 848 (10th Cir. 1980). Appellate courts must consider factual inferences tending to show triable issues so as to favor the existence of such issues. *Frito-Lay, Inc. v. Retail Clerks Union*, 629 F.2d 653 (10th Cir. 1980). Taken in the light most favorable to the plaintiff, the record reveals the following facts.

Lindley had worked for Amoco for a period of some twelve years, during which he invented a computer program to aid in the discovery of petroleum reservoirs. The method became known in the trade as the "Lindley Log Analysis System."

After Lindley's departure from Amoco, the Company sued Lindley in the Oklahoma state court asking specific performance of his employment contract and further to enjoin him from divulging the workings of the System to others.[1] During the course of litigation, the state trial judge concluded there was "reason to believe" that Lindley had not complied with the terms of a discovery order. Having learned from Lindley that he had numerous boxes of records at home, and upon motion of Amoco's counsel Walker, the trial judge issued an oral order permitting Walker to enter Lindley's home and seal the files. The state court found the power to take this rather drastic measure under an Oklahoma discovery statute, 12 O.S. § 548.[2]

The following day, after a short conference with the attorneys, the trial judge gave Lindley's counsel two alternatives—the records secured the previous day could be reviewed by counsel for Amoco in Lind-

---

* Of the Northern, Eastern and Western Districts of Oklahoma, sitting by designation.

1. The facts are more fully revealed in *Amoco v. Lindley*, 609 P.2d 733 (Okla.1980).

2. 12 O.S. § 548 states in pertinent part:
   "Upon motion of any party showing good cause ... the court in which an action is pending may (1) order any such party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, or any designated documents, papers, books, accounts, letters, photographs, motion picture film or negatives thereof, developed or undeveloped photographic film, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of examination permitted by deposition and which are in such parties' possession, custody or control, or (2) order any party to permit entry upon designated land or other property in his possession or control for the purpose of inspecting, measuring, surveying, or photographing the property or any designated object or operation thereon within the scope of which examination is now permitted by deposition...."

ley's home, or the records could be reviewed in the courthouse, after having been seized by sheriff's deputies and transported at Lindley's expense.

What occurred thereafter is not entirely clear,[3] however, as an end result, Walker was permitted, pursuant to an oral order of the court, to examine the records at Lindley's residence. Lindley's attorney was present during this investigation. Lindley claims certain notes and confidential papers were confiscated.

Lindley filed this action under 42 U.S.C. § 1983, alleging that the action of Walker individually and as agent of Amoco, constituted an unconstitutional invasion of privacy in violation of the Fourteenth Amendment, and that said actions were performed under color of state law. In conclusion, Lindley's complaint asserts:

> "The acts and conduct of the defendants, and each of them, were performed willfully and maliciously; done to embarrass and humiliate Lindley; and to coerce Lindley into involuntarily providing technical expertise for the benefit of defendant Amoco and with full knowledge of the unconstitutional nature of the oppressiveness of such acts and conduct."

Upon consideration of the briefs and affidavits submitted by counsel, the trial court here awarded summary judgment to defendants finding "that plaintiff had failed to allege a deprivation of constitutional dimensions."

The trial court placed great reliance in *Bottone v. Lindsley*, 170 F.2d 705 (10th Cir. 1948) and its progeny. In *Bottone*, Judge Murrah provided his oft-quoted reasoning for the principle that the actions of private attorneys generally do not constitute "state actions" for the purposes of 42 U.S.C. § 1983.

The trial court also relied upon *Beker Phosphate v. Muirhead*, 581 F.2d 1187 (5th Cir. 1978), wherein the court noted that the common law tort of abuse of process "without more, does not rise to the level of Constitutional wrong remedied by Section 1983."

The plaintiff's complaint and supporting materials appear to present allegations of events which could be construed as amounting to abuse of process. The plaintiff complains of the malicious activities of the defendants and the bad-faith nature of their allegations.

Since the trial court's order herein was filed, we have decided *Torres v. First State Bank of Sierra County*, 588 F.2d 1322 (10th Cir. 1978). *Torres* and the present case are similar in that both attack an order of the state trial court as being violative of the plaintiff's constitutional rights.[4] In determining the actions of the attorneys were not taken "under color of law" in *Torres*, we stated:

> "We do not think that the 'color of law' reference in § 1983 was intended to encompass a case such as this one, where the only infirmities are the excesses of the court order itself, subject to immediate modification by a court having jurisdiction over the parties, and subject to the normal processes of appeal." at 1326.

*See also: Shaffer v. Cook*, 634 F.2d 1259 (10th Cir. 1980); *Dahl v. Akin*, 630 F.2d 277 (5th Cir. 1980).

We find that the federal district court was correct in finding the materials offered by the plaintiff failed to present a colorable claim under 42 U.S.C. § 1983. The judgment of the trial court is

AFFIRMED.

---

3. The affidavit of the trial judge states that Lindley's attorney agreed to the at-home investigation. The affidavit of Lindley's attorney states, "after the conference ... but before the inspection ... Lindley acquiesced in the same." Lindley's affidavit states he never consented to the search of his home.

4. Lindley makes an effort in his brief to assert the state statute is unconstitutional as applied, thereby reducing the state proceeding to a nullity. We decline to entertain plaintiff's argument, in the first instance, upon appeal. *See Yakus v. United States*, 321 U.S. 414, 444–445, 64 S.Ct. 660, 677, 88 L.Ed. 834 (1944); *Neu v. Grant*, 548 F.2d 281 (10th Cir. 1977); *Cato v. Collins*, 539 F.2d 656 (8th Cir. 1976).