Kenneth L. Weltz, Curfman, Harris, Stalling & Snow, Wichita, Kan., for defendants.

---

**Roberta SCHULTE, Plaintiff,**

**v.**

**CITY OF DODGE CITY, KANSAS and Certain Unknown Police Officers, Defendants.**

**No. 85–1018.**

United States District Court, D. Kansas.

March 18, 1986.

## MEMORANDUM AND ORDER

CROW, District Judge.

This case is now before the court on defendants' motion for summary judgment and plaintiff's motion for review of a decision by the magistrate. The court has reviewed the pleadings, the memoranda of counsel, affidavits and other evidentiary matters and is now prepared to rule. The court concludes that oral argument would not be of material benefit and will not, therefore, be granted in this case. For the reasons stated below, the defendants' motion for summary judgment is granted.

Plaintiff's motion for review is, therefore, moot and will not be addressed.

To grant a motion for summary judgment, the court must first determine that the matters on file and affidavits regarding the motion "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The court must read the record in the light most favorable to the non-moving party. *Lindley v. Amoco Production Co.*, 639 F.2d 671, 672 (10th Cir.1981). The movant must establish its entitlement to summary judgment beyond a reasonable doubt. *Ellis v. El Paso Natural Gas Co.*, 754 F.2d 884, 885 (10th Cir.1985). Summary judgment should not be granted if circumstantial evidence or factual inferences tend to establish genuine issues for trial. *Barber v. General Electric Co.*, 648 F.2d 1272, 1277–1278 (10th Cir.1981). A party resisting a motion for summary judgment cannot rest upon mere allegations or denials in the pleading, but must set forth specific facts showing a genuine issue remains for trial. *Dart Industries, Inc. v. Plunkett Company of Oklahoma*, 704 F.2d 496, 498 (10th Cir.1983).

On May 4, 1984, officers of the Dodge City, Kansas, Police Department broke into plaintiff's residence to execute a search warrant. The plaintiff was first aware of the attempted entry when she heard the officers breaking the glass of the front door. Not knowing who was attempting to enter, plaintiff exited the rear door of the house. In the back yard, plaintiff saw several police officers with weapons drawn. One of the officers directed the plaintiff to return to the residence; once inside she was directed to sit down. Officers briefly went through the entire residence looking into each room and into closets conducting a protective "sweep search." Police officers did not search dressers or similar locations.

Within five to ten minutes of the original entry, the police officers realized something was amiss and brought the warrant into the room where the plaintiff was seated for verification. The address on the warrant was 1907 East Trail. The plaintiff informed the officers that the address of the residence was not 1907 East Trail. The officers, recognizing the likelihood of a mistake called the chief of police.

Most of the police officers left after it became apparent that the wrong house had been named in the warrant. One officer remained until the chief of police arrived. When the chief of police arrived he told the plaintiff that a mistake had been made and apologized. The remaining officer informed the plaintiff her dog had been maced in the original entry and securing of the house and that it would be necessary for her to wash the dog to prevent continuing discomfort from the residual mace. The chief and the remaining police officer then left.

After the police officers left, the plaintiff found two shotgun shells lying near the entrance to the house. The plaintiff also discovered all of the windows in a shed in the rear of the house were broken. The plaintiff had not noticed the windows broken prior to the attempted search. During the search the police officers never touched the plaintiff, never pointed a weapon at her, never used foul or abusive language and were never rude to the plaintiff.

The search warrant the officers attempting to execute was based upon an investigation of Jesse Mejia. An undercover police officer had arranged to buy marijuana from Mejia. Mejia told the officer that drugs were located at his house and that he lived with his brother. The license plate number of a vehicle involved in one of the sales was recorded by police. The owner of the vehicle was a relative of Mejia. Vehicle registration records recorded the address of the owner as 1907 East Trail in Dodge City. The Dodge City police department also made an independent computer check of Jesse Mejia. The computer records listed Mejia's address as 1907 East Trail. Mejia's address was also requested from the county attorney since Mejia was at that time released on bond, charged with murder. Based upon this information, the

police concluded Mejia's address was in fact 1907 East Trail.

Prior to obtaining the search warrant, two police officers went to East Trail to determine the correct house. The police officers saw no house displaying the number 1907. On the west end of the block there was a house marked 1901. Some distance to the west there was a house displaying the number 1915. Between these two houses, was a house with no number between two vacant lots. Confident that 1907 East Trail was Mejia's address, the police officers concluded that the unmarked house in the middle must be Mejia's residence. The police officers photographed the house and executed an affidavit in order to obtain a search warrant. At the time of the search, no house number was displayed on plaintiff's resident. A mailbox with the name of plaintiff's husband was leaning upright against a fence. The officers do not recall seeing the mailbox. Names on mailboxes, however, frequently remain as occupants change. The officers would have conducted the search regardless of the name appearing on the mailbox.

### I. *State Law Claims*

█ The plaintiff alleges causes of action arising under 42 U.S.C. § 1983 and various common law torts. The plaintiff now resides in Colorado and asserts diversity of citizenship as a jurisdictional basis independent of the federal question arising under § 1983. The defendants' motion for summary judgment addresses only the federal question claim. Nevertheless, the court concludes that plaintiff's claims arising under state law are barred by specific exceptions to the Kansas Tort Claims Act. An exception to a tort claims act is a limit upon a waiver of sovereign immunity and is thus a limit to the subject matter jurisdiction of the court. *Carpenter v. Johnson,* 231 Kan. 783, 649 P.2d 400 (1982). The court must dismiss claims outside its subject matter jurisdiction whether or not the issue is raised by the parties. Fed.R. Civ.P. 12(h)(3).

There is no claim by the plaintiff nor is there any indication in the evidence that the Dodge City police department or any of its officers intentionally selected the plaintiff or her family for harassment in the form of the search. On the contrary, it is undisputed that the police department unintentionally obtained the incorrect address. Construing the facts in a manner most favorable to the plaintiff, the police may have been negligent in selecting the methods used to determine the address for the search warrant. This selection is discretionary with the police officers involved. The Kansas Tort Claims Act excludes liability for any damages resulting from "any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee, whether or not the discretion be abused." K.S.A. 75–6104(d).

The Kansas Supreme Court has discussed the relationship of the discretionary function exception to the Kansas Tort Claims Act to law enforcement in *Cansler v. State,* 234 Kan. 554, 675 P.2d 57 (1984) and *Robertson v. City of Topeka,* 231 Kan. 358, 644 P.2d 458 (1982). In *Robertson,* the court held à police officer, faced with a disturbance involving two parties, exercises discretion in deciding not to arrest one party and asking the second party to leave the premises. The exercise of this discretion cannot result in civil liability under the terms of K.S.A. 75–6104(d). In *Cansler,* the court held that the discretionary function exception does not excuse the acts of government employees which breach legally imposed duties or violate clearly established guidelines or policy statements.

The court does not suggest that the police may abandon all caution in obtaining search warrants. In this case, however, the plaintiff presents no evidence to suggest that the named defendants did not reasonably pursue the avenues of inquiry selected to determine Jesse Mejia's address. None of the defendants is even arguably guilty of mishandling the inquiry or the information received as a result. Each inquiry by the police department re-

sulted in the same, albeit incorrect, address, 1907 East Trail. It was not until after the police officers had realized their mistake, that the police learned that Jesse Mejia's address was actually 1709 East Trail. In *Cansler,* the court found the plaintiff's claims to be permissible because they were based upon the complete failure to perform a legal duty rather than the decision of how to perform it. *Cansler v. State,* 234 Kan. at 570, 675 P.2d 57. In this case, on the other hand, the plaintiff's claim is based upon how the police department verified Jesse Mejia's address not the complete failure to do so.

There is no evidence that any of the defendants violated a written policy in the manner in which the address was obtained. Except for the fact it occurred at the incorrect address, there can be no contention that the police officers actions in executing the search were unreasonable. The officers were attempting to conduct a search of the residence which they believe to be occupied by a suspect in a drug investigation who was then being prosecuted for murder. Understandably, the police officers took precautions for their own safety such as approaching the house with weapons drawn and making an immediate sweep search of the premises to insure the area was secure. Indeed, in today's society such measures are arguably necessary as a precaution for police officer safety in any search. The court will not criticize reasonable precautions taken for the safety of police which are not abusive and are applied even handedly. The plaintiff readily admits that the officers were not abusive, used no foul language, never touched her and never pointed a weapon at her. The only possible source of liability under Kansas law is the failure of the police department to obtain the correct address. The failure to obtain the correct address, in this case, involves discretionary choices for which no liability exists under the Kansas Tort Claims Act. Accordingly, the claims based upon state law must be dismissed.

## II. *Claims Under 42 U.S.C. § 1983*

■ The United States Supreme Court has recently considered the standard which should be applied to determine the civil liability of police officers for improperly obtaining search or arrest warrants. *Malley v. Briggs,* —— U.S. ——, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). In *Malley,* the court held the same standard should be used to determine civil liability as is used to determine whether evidence should be suppressed in a criminal trial. The standard for suppression is established by *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). *Leon* limited the remedy of suppression to the following circumstances.

> Suppression therefore remains an appropriate remedy if the magistrate or judge issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth. The exception we recognize today will also not apply in cases where the issuing magistrate wholly abandoned his judicial role in the manner condemned in *Lo-Ji Sales, Inc. v. New York* [442 U.S. 319, 99 S.Ct. 2319, 60 L.Ed.2d 920 (1979)]; in such circumstances, no reasonably well trained officer should rely on the warrant nor would an officer manifest objective good faith in relying on a warrant based on an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.' Finally, depending on the circumstances of the particular case, a warrant may be so facially deficient— i.e., in failing to particularize the place to be searched or the things to be seized— that the executing officers cannot reasonably presume it to be valid.

*United States v. Leon,* 468 U.S. at —— – ——, 104 S.Ct. at 3421–22, 82 L.Ed.2d at 698–99 (citations omitted).

None of the circumstances justifying suppression under *Leon* are present in this case. At most, the police officers involved in this case were negligent in failing to make further inquiry as to the address of Jesse Mejia. The court does not read the standards of *Leon* to require suppression

or, through *Malley*, to permit civil liability for a search warrant which, through the simple negligence of the officers preparing the affidavit, contain incorrect information. The reckless disregard of the truth or gross neglect required by *Leon* and *Malley* is not present in this case. The constitutional concept of due process, through which Fourth Amendment guarantees against unreasonable search and seizure are applied to the states, is not ordinarily implicated by negligent conduct of state officers. *Daniels v. Williams,* — U.S. ——, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *see Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961) (Fourth Amendment guarantees incorporated by due process provisions of Fourteenth Amendment). The defendants are, therefore, immune from civil liability under 42 U.S.C. § 1983.

The plaintiff has also moved the court to review the decision of the magistrate denying leave to amend the pleadings to specifically name the officers involved as defendants. The court has determined that no legal basis for liability of Dodge City or its police officers exists. The motion for review is thus rendered moot.

IT IS THEREFORE ORDERED that plaintiff's claims arising under state law are dismissed as outside the subject matter jurisdiction of the court.

IT IS FURTHER ORDERED that defendants' motion for summary judgment as to plaintiff's claims arising under 42 U.S.C. § 1983 is granted.

IT IS FURTHER ORDERED that plaintiff's motion for review of a decision by the magistrate is denied as moot. The clerk is directed to enter judgment for the defendants on all claims.