**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 2, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RONNIE J. GARNER,

Plaintiff-Appellant,

v.

STEPHANIE GONZALES, Director,
Child Support Enforcement Division,
New Mexico; PAMELA S. HYDE,
Secretary, Human Services
Department, New Mexico; JAMES
LOUGHREN, Former Judge and
current CSEB Hearing Officer, 2nd
Judicial District, New Mexico; IRA
ROBINSON; MICHAEL D.
BUSTAMANTE; MICHAEL E.
VIGIL, Judge, Appeals Court, New
Mexico,

Defendants-Appellees.

No. 05-2096
(D.C. No. CIV-04-1314 RHS/ACT)
(D. N.M.)

## ORDER AND JUDGMENT[*]

Before **BARRETT**, **PORFILIO**, and **BRORBY**, Senior Circuit Judges.

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff appellant is a divorced father whose divorce was administered through the New Mexico state court system. According to the complaint, defendants are the Director of the New Mexico Child Support Enforcement Division, the Secretary of the New Mexico Human Services Department, the trial judge who presided over plaintiff's divorce, and the three judges of the New Mexico Court of Appeals who ruled against plaintiff in his divorce appeal. App. at 10-12.

Plaintiff's complaint alleges that defendants violated his rights under the Fifth and Fourteenth Amendments to the Constitution and failed to follow federal law relative to child support. Plaintiff requests declarative and injunctive relief pursuant to 42 U.S.C. § 1983 to remedy the alleged violations of federal law. The district court, without discussion or analysis, dismissed the case with prejudice.

On appeal, plaintiff argues that it was error to dismiss this case under either Fed. R. Civ. P. 12(b)(1) or 12(b)(6), and that, in any event, it was error to dismiss with prejudice. We have conducted a de novo review of the record and the parties' briefs, *see Kiowa Indian Tribe v. Hoover*, 150 F.3d 1163, 1165 (10th Cir.

1998), and agree with defendants that this case had to be dismissed on any number of grounds for want of subject matter jurisdiction.

The clearest ground for dismissal of this matter was on the basis of the *Rooker-Feldman* doctrine.[1]

> [T]he *Rooker-Feldman* doctrine prohibits a lower federal court from considering claims actually decided by a state court, and claims inextricably intertwined with a prior state-court judgment. In other words, *Rooker-Feldman* precludes a party losing in state court . . . from seeking what in substance would be appellate review of [a] state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.

*Kenmen Eng'g v. City of Union*, 314 F.3d 468, 473 (10th Cir. 2002) (citations and quotations omitted). "[I]n the Tenth Circuit, *Rooker-Feldman* applies to *all* state court judgments, including those of intermediate state courts." *Id.*

In determining whether an action presents a case "inextricably intertwined" with the state court judgment, "we must ask whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Id.* at 476 (quotation omitted). "In other words, we approach the question by asking whether the state-court judgment caused, actually and proximately, the injury for which the federal-court plaintiff seeks redress. If it

---

[1]     The doctrine takes its name from the seminal decisions in *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

did, *Rooker-Feldman* deprives the federal court of jurisdiction." *Id.* (emphasis omitted). Plaintiff's complaint runs afoul of *Rooker-Feldman* both because it asks the federal court to consider claims actually decided by the New Mexico courts and because it includes claims inextricably intertwined with the judgments of the state court.[2]

After plaintiff's divorce proceeding was final in state district court, he appealed to the New Mexico Court of Appeals. That court ruled against him on most of the issues he included in his federal complaint.[3] To wit, it rejected plaintiff's arguments that he was denied due process because he was not given a hearing to determine whether his former wife was underemployed and to present evidence rebutting the amount of child support set by state guidelines. App. at 46-50. That court also rejected plaintiff's contention that federal law preempts New Mexico's child support guidelines. *Id.* at 50-52. To the extent plaintiff raises issues that could be seen as distinct from those actually decided by the New Mexico Court of Appeals, we hold those issues to be "inextricably intertwined" with the underlying state court judgments and therefore barred from federal court

---

[2] The recent clarification by the Supreme Court of the scope of *Rooker-Feldman* in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), does not affect the outcome of this case.

[3] The United States Supreme Court also denied certiorari. *Garner v. Garner*, No. 23,761, slip op. (N.M. Ct. App. June 6, 2003), *cert. denied,* 72 U.S.L.W. 3328 (U.S. Jan. 12, 2004) (No. 03-663).

by *Rooker-Feldman*. Plaintiff's request for prospective and injunctive relief is simply a reformulated request for a judgment that the state court violated his rights in the past. A lower federal court has no jurisdiction over such a matter. *See Kiowa Indian Tribe*, 150 F.3d at 1169.

As for his second point of error, we agree with plaintiff that the district court erred in dismissing his complaint with prejudice. As explained by the Seventh Circuit,

> "[t]he *Rooker-Feldman* doctrine is a rule of federal jurisdiction. A suit dismissed for lack of jurisdiction cannot *also* be dismissed "with prejudice"; that's a disposition on the merits, which only a court with jurisdiction may render. "No jurisdiction" and "with prejudice" are mutually exclusive. When the *Rooker-Feldman* doctrine applies, there is only one proper disposition: dismissal for lack of federal jurisdiction. A jurisdictional disposition is conclusive on the jurisdictional question: the plaintiff cannot re-file in federal court. But it is without prejudice on the merits, which are open to review in state court to the extent the state's law of preclusion permits."

*Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004); *see also Brereton v. Bountiful City Corp.*, — F.3d —, No. 05-4067, 2006 WL 182063, at *2 (10th Cir. Jan. 26. 2006) (noting that dismissals for lack of jurisdiction must be without prejudice).

The state agency defendants complain that they were unable to find a copy of plaintiff's petition for certiorari to the United States Supreme Court and ask for sanctions against plaintiff for failure to provide all relevant documents in his appendix. The request for sanctions is denied. The certiorari petition is available

-5-

online. *See* 2003 WL 22574929. In addition, all defendants request sanctions for what they deem a frivolous appeal. These requests are also denied because they were not made in the form of separate motions as required by Fed. R. App. P. 38. Judge Harris L Hartz has recused himself from this matter.

The judgment of the district court is MODIFIED to reflect that the dismissal of all claims asserted in this action is without prejudice, and, as so modified, the judgment is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge