**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOHN GROVE,

       Plaintiff - Appellant,

v.

STEPHEN A. GROOME; BUENA
VISTA SANITATION DISTRICT;
CHAFFEE COUNTY DISTRICT
COURT,

       Defendants - Appellees.

No. 19-1228
(D.C. No. 1:18-CV-01571-MEH)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BACHARACH**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.

This case began when a municipal sanitation district required the

plaintiff, Mr. John Grove, to buy an additional sewer tap. He objected and

sued the sanitation district in small claims court. He lost, appealed to the

county district court, and sought various forms of relief in the state court

---

[*]    Oral argument would not materially help us to decide this appeal. We
have thus decided the appeal based on the appellate briefs and the record
on appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

of appeals and the state supreme court. When these efforts failed, Mr. Grove turned to federal district court, suing the county district judge, his court, and the sanitation district.

The federal district court dismissed the suit, and Mr. Grove unsuccessfully sought post-judgment relief. He appeals both the dismissal and denial of post-judgment relief. We conclude that the federal district court should have made the dismissal without prejudice on the claim for damages against the county district judge. In all other respects, however, we affirm.

**1.     The Claims Against the County Distric**t **Judge**

In suing the county district judge, Mr. Grove invoked 42 U.S.C. § 1983 and sought both damages and an injunction. The federal district court concluded that (1) the county district judge enjoyed immunity from damages and (2) an injunction was unavailable because Mr. Grove had disavowed an official-capacity claim and declaratory relief could have provided a remedy on a proper showing.

*Damages*. On the claim for damages, we must ensure that the federal district court had subject-matter jurisdiction. *Gillmor v. Thomas*, 490 F.3d 791, 797 (10th Cir. 2007). Jurisdiction is absent under the Rooker-Feldman doctrine when an appellant seeks reversal based on the invalidity of a state-court judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp*, 544 U.S. 280, 283-84 (2005) (Rooker-Feldman doctrine is jurisdictional);

2

*Miller v. Deutsche Bank Nat'l Tr. Co. (In re Miller)*, 666 F.3d 1255, 1261 (10th Cir. 2012) (Rooker-Feldman doctrine applies to challenges involving the correctness of a state-court judgment).

The Rooker-Feldman doctrine precludes federal jurisdiction over the claim for damages against the county district judge. This claim stems from the county district judge's alleged error in dismissing Mr. Grove's appeal of the award of attorneys' fees to the sanitation district. To prevail on this claim, Mr. Grove needed to show that the county district judge had erred in dismissing his appeal. Mr. Grove could challenge the ruling by appealing in state court, not by asking the federal district court to award damages based on the county district judge's error. 28 U.S.C. § 1257.

Mr. Grove argues that the Rooker-Feldman doctrine doesn't apply because the county district judge never reviewed his submissions or expressly dismissed his appeal of the fee award. But the county district judge dismissed the appeal and denied Mr. Grove's motions seeking reconsideration of the dismissal, and the state appellate courts declined further review. Given these rulings, Mr. Grove cannot avoid the Rooker-Feldman doctrine even if the county district judge had initially failed to consider the submissions or to expressly dismiss the appeal of the fee award.

But the applicability of the Rooker-Feldman doctrine affects this disposition. Because the doctrine is jurisdictional, the dismissal of this

3

claim should have been without prejudice. *Garner v. Gonzales*, 167 F. App'x 21, 24 (10th Cir. 2006) (unpublished); *see Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) (noting that dismissal for lack of jurisdiction must be without prejudice).

*Injunction.* Mr. Grove sought not only damages but also an injunction. The requested injunction would be prospective and wouldn't disrupt the state courts' rulings, so the injunction would not implicate the Rooker-Feldman doctrine. *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1237-38 (10th Cir. 2006).

Given our jurisdiction over the injunction claim, we conduct de novo review. *Settles v. Golden Rule Ins. Co.*, 927 F.2d 505, 507 (10th Cir. 1991). In applying de novo review, we conclude that the federal district court correctly dismissed the injunction claim because (1) Mr. Grove had sued the county district judge only in his personal capacity and (2) declaratory relief was available.

Injunctions are available under § 1983 only against public entities and public officers sued in their official capacities. *Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011). So Mr. Grove "agrees with the [federal] District Court that an injunction claim is against a judge in his official capacity." Appellant's Opening Br. at 22. But Mr. Grove did not sue the county district judge in his official capacity. To the contrary, Mr. Grove insisted that he had "meticulously avoided any claims against [the

4

county district judge] in his official capacit[y]." Appellant's App'x, vol. 1 at 112. Given Mr. Grove's insistence that he hadn't asserted an official-capacity claim, he could not obtain an injunction against the county district judge.

Even if Mr. Grove had sued the county district judge in his official capacity, an injunction would remain unavailable. To obtain an injunction, Mr. Grove needed to show that declaratory relief was unavailable. 42 U.S.C. § 1983.

Mr. Grove argues that he had alleged the unavailability of declaratory relief by unsuccessfully urging the state court to address his appeal on the merits. For the sake of argument, we may assume that those efforts could be construed as requests for declaratory relief. But even so, Mr. Grove has not shown declaratory relief was unavailable; he has shown only that he did not prevail. More is required to show the unavailability of declaratory relief. *See Prost v. Anderson*, 636 F.3d 578, 589 (10th Cir. 2011) (recognizing, in the context of 28 U.S.C. § 2255 motions, that the availability of a remedy turns on whether it provides "an adequate and effective remedial mechanism for testing" the claimant's argument, rather than whether the claimant can prevail on the merits); *see also Arndt v. Koby*, 309 F.3d 1247, 1255 (10th Cir. 2002) (explaining that the failure to

5

prevail on a "claim does not make it any less 'available' as a legal remedy").[1]

**2.     The Claims Against the Sanitation District**

Mr. Grove sued not only the county district judge but also the sanitation district. Mr. Grove claimed that the sanitation district had (1) deprived him of due process by improperly opposing many of his filings and (2) conspired with the county district judge to disallow an appeal of the attorneys' fee award.

*Due Process*. Like any defendant, the sanitation district was allowed to oppose relief; its opposition did not constitute a deprivation of due process.

Mr. Grove argues that the sanitation district's attorney violated Colorado Rule of Civil Procedure 11. But this rule simply authorizes sanctions, not civil liability.

Mr. Grove relies not only on the Colorado rule but also on *Bottone v. Lindsley*, 170 F.2d 705 (10th Cir. 1948). There we noted that it's "conceivable" that misuse of the state judicial process could result in a denial of due process. 170 F.2d at 707. We added, however, that this possibility could exist only if "the state court proceedings . . . have been a

---

[1]     Mr. Grove says that the federal district court should have discussed the underlying facts, but he does not explain how that discussion would affect the availability of declaratory relief.

6

complete nullity, with a purpose to deprive a person of his property without due process of law." *Id.*

Mr. Grove contends that the state-court proceedings were a nullity because he was unable to obtain consideration of his appeal of the fee award. We disagree. Proceedings could constitute a nullity only if they were "legally void." *Nullity*, Black's Law Dictionary (11th ed. 2019). Proceedings do not become legally void simply because the court erred. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) ("'A judgment is not void . . . simply because it is or may have been erroneous.'") (quoting *Hoult v. Hoult*, 57 F.3d 1, 6 (1st Cir. 1995)). We've never held that a party's objection resulted in a denial of due process or rendered a state-court proceeding a nullity. To do so would violate the fundamental "principle that 'no action lies against a party for resort to civil courts.'" *Lucsik v. Bd. of Educ.*, 621 F.2d 841, 842 (6th Cir. 1980) (per curiam) (quoting *United States Steel Corp. v. United Mine Workers of Am.*, 456 F.2d 483, 492 (3d Cir. 1972)).

Mr. Grove's allegations in the complaint show that he could press his arguments in both the county district court and in the state appellate courts. Even if the county district court had erred in treating the appeal as untimely or in failing to expressly rule on timeliness of the fee appeal, we'd lack any basis to regard the state-court proceedings as a complete nullity.

7

*Conspiracy*. Mr. Grove also alleged conspiracy, invoking 42 U.S.C. § 1985(2). To recover, Mr. Grove needed to show that at least two persons acted in concert. *Brooks v. Gaenzle*, 614 F.3d 1213, 1227-28 (10th Cir. 2010). But Mr. Grove acknowledged in the complaint that the county district judge and sanitation district had not acted in concert. Appellant's App'x, vol. 1 at 21.

Mr. Grove argues that (1) he didn't need to show concerted action and (2) the court could not decide the issue through a motion to dismiss. We reject both arguments.

In denying the need to show concerted action, Mr. Grove points to *Snell v. Tunnell*, 920 F.2d 673 (10th Cir. 1990). *Snell* said that an express agreement was unnecessary. 920 F.2d at 702. But both before and after *Snell*, we had expressly required concerted action for claims under § 1985. *Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1230 (10th Cir. 1990); *Brooks*, 614 F.3d at 1227-28.

Mr. Grove also argues that in ruling on a motion to dismiss, the court could not preclude the possibility of concerted action. But in the complaint, Mr. Grove conceded that concerted action was absent. This concession was fatal.

Even if Mr. Grove had shown concerted action, he would have had to show that the conspiracy was targeting him based on class-wide or racial discrimination. *Smith v. Yellow Freight Sys., Inc.*, 536 F.2d 1320, 1323

8

(10th Cir. 1976). Though the district court did not rely on the absence of class-wide or racial discrimination, the court could have relied on these grounds to dismiss the conspiracy claim against the sanitation district. *A.M. ex rel. F.M. v. Holmes*, 830 F.3d 1123, 1146 n.11 (10th Cir. 2016).[2] Given the absence of any allegations involving class-wide or racial discrimination, amendment of the complaint would have been futile.

**3.   The Claim Against the County District Court**

Mr. Grove also sued the county district court, claiming that the award of attorneys' fees constituted a violation of the Fifth Amendment's Takings Clause. But an award to pay money does not create an unconstitutional taking because the award does not infringe a property interest within the meaning of the Takings Clause. *See W. Va. CWP Fund v. Stacy*, 671 F.3d 378, 386 (4th Cir. 2011); *Commonwealth Edison Co. v. United States*, 271 F.3d 1327, 1339-40 (Fed. Cir. 2001) (en banc).[3]

Mr. Grove argues that a takings claim can lie against a court, relying on *Stop the Beach Renourishment, Inc. v. Florida Department of*

---

[2]    Mr. Grove acknowledges that the sanitation district raised this issue in the motion to dismiss. Appellant's Reply Br. at 21. But he contends that we can't affirm on this ground because the district court didn't rely on it. *Id.* Mr. Grove is mistaken. We can affirm on any ground supported by the record. *See* text accompanying note.

[3]    *Stacy* and *Commonwealth* involved legislative awards rather than judicial awards. But the reasoning would apply equally to judicial awards.

9

*Environmental Protection*, 560 U.S. 702, 713-15 (2010). But even if a takings claim could otherwise lie against a court, a money award would trigger the Fifth Amendment's Takings Clause only if he had a protected property interest. He doesn't, so this claim was properly dismissed.

**4.     Mr. Grove's Motion Under Rule 60(b)(6)**

After the federal district court entered judgment, Mr. Grove moved under Rule 60(b)(6) to obtain leave to amend the complaint. He hoped to add an official-capacity claim against the county district judge for acting in concert with the sanitation district. The federal district court denied relief.

*Timing of the Federal Judgment*. On appeal, Mr. Grove argues that the federal district court should have either waited to enter judgment or allowed relief from the judgment to permit amendment of the complaint. In reviewing this argument, we apply the abuse-of-discretion standard. *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006). The district court did not abuse its discretion. The federal rules of civil procedure do not contain any requirement for the district court to wait before entering a judgment.

*Amendment of the Complaint*. Mr. Grove contends that the county district court should have applied the liberal standard for amendment of the complaint. But if Mr. Grove wanted to amend, he needed to submit the proposed amendment. D.C.COLO.LCivR 15.1(b).

10

Mr. Grove failed to submit a proposed amended complaint with his post-judgment motion. So the federal district court did not abuse its discretion in denying the post-judgment motion.

Even if Mr. Grove had amended the complaint, it would have remained subject to dismissal for two reasons: (1) The availability of declaratory relief would have prevented entry of an injunction even if the county district judge had been sued in his official capacity, and (2) Mr. Grove had conceded the absence of concerted action.

Mr. Grove now says that he would have amended to allege a conscious commitment to a common scheme. But in federal district court, Mr. Grove didn't explain how he could satisfy the element of concerted action in light of his earlier concession. Absent such an explanation, the district court did not abuse its discretion in denying leave to amend the complaint.

5.    **Mr. Grove's Motion for a New Trial**

Mr. Grove also unsuccessfully moved for a new trial in federal district court. But the federal district court hadn't conducted a trial. So the court construed the motion as one to amend the judgment under Federal Rule of Civil Procedure 59(e) and denied relief.

We review this ruling under the abuse-of-discretion standard. *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). The court did not abuse its discretion. Rule 59(e) is unavailable for matters that were or could have

11

been presented earlier. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Mr. Grove failed to identify any issues that couldn't have been raised earlier. So the court didn't abuse its discretion in denying the Rule 59(e) motion.

**6.    Disposition**

We remand with instructions to dismiss without prejudice the claim for damages against the county district judge. In all other respects, we affirm the dismissal and denial of the post-judgment motions.

Entered for the Court


Robert E. Bacharach
Circuit Judge