**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 5, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CEDRIC GREENE; VALERIE
STEPHEN,

      Plaintiffs - Appellants,

v.

ACCESS SERVICES, INC.,

      Defendant - Appellee.

No. 19-1447
(D.C. No. 1:19-CV-02050-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

This appeal grew out of Mr. Cedric Greene's unsuccessful state-court

suit. Mr. Greene and his common-law wife, Ms. Valerie Stephen, did not

like the result and moved in federal district court for review of the state

appellate decision. The federal district court "closed" the action because

---

[*]    Oral argument would not materially help us to decide this appeal. We
have thus decided the appeal based on the appellate briefs and the record
on appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Mr. Greene was subject to filing restrictions. Mr. Greene and Ms. Stephen appeal and seek leave to proceed in forma pauperis.

We dismiss Mr. Greene's appeal and deny his motion for leave to proceed in forma pauperis. For Ms. Stephen, we remand with instructions to dismiss the action based on the absence of subject-matter jurisdiction and grant her application for leave to proceed in forma pauperis.

## 1. Mr. Greene's Appeal

Mr. Greene's present appeal grew out of an earlier appeal involving an injury to Ms. Stephen. Ms. Stephen sued in state court, but her suit was dismissed and the dismissal was affirmed in the state appellate court.

Though Mr. Greene was not a party to the state-court suit, he sued in federal district court to overturn the state-court decisions. The federal district court dismissed the suit, reasoning that it lacked subject-matter jurisdiction to overturn state-court decisions.

Undaunted by that ruling, Mr. Greene started over, filing a new suit in federal district court to overturn the unfavorable decisions in state court. The federal district court closed his case, and he wants us to consider that ruling. But we can consider his appellate argument only if Mr. Greene has satisfied our own filing restrictions. *See Greene v. Sprint Nextel Corp.*, 750 F. App'x 661, 666-67 (10th Cir. 2018) (imposing filing restrictions). These restrictions prohibited Mr. Greene from appealing a case involving issues similar to those arising out of the facts and

2

circumstances in a series of earlier appeals, including one (Case No. 17-4150) that involved the same incident involved here. *Id.*

Mr. Greene's new arguments are just like the ones he made in Case No. 17-4150, so he hasn't satisfied our filing restrictions. Given his failure to satisfy our filing restrictions, we dismiss his appeal.

## 2.    Ms. Stephen's Appeal

But Mr. Greene is not the only appellant. Ms. Stephen has also appealed the dismissal, and she is not subject to filing restrictions. So she is free to sue and to appeal. Even so, the federal district court could consider her argument only if subject-matter jurisdiction existed. It didn't.

Ms. Stephen sued in federal court to obtain a ruling that the state courts had erred in its rulings. When an appellant seeks reversal based on an error in state court, the federal district court lacks jurisdiction under the Rooker-Feldman doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp*, 544 U.S. 280, 283-84 (2005) (Rooker-Feldman doctrine is jurisdictional); *Miller v. Deutsche Bank Nat'l Tr. Co. (In re Miller)*, 666 F.3d 1255, 1261 (10th Cir. 2012) (Rooker-Feldman doctrine applies to challenges involving the correctness of a state-court judgment).

Because the federal district court lacked jurisdiction, the court shouldn't have just "closed" Ms. Stephen's case. The court should have dismissed the case without prejudice. *Garner v. Gonzales*, 167 F. App'x 21, 24 (10th Cir. 2006) (unpublished); *Brereton v. Bountiful City Corp.*,

3

434 F.3d 1213, 1216 (10th Cir. 2006) (noting that dismissal for lack of jurisdiction must be without prejudice).

**3.     Motions for Leave to Proceed in Forma Pauperis**

Appellants must ordinarily prepay the $505 filing fee. But when they can't afford prepayment, they can proceed only by obtaining leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a). But federal law prohibits leave to proceed in forma pauperis when the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3), *see Clark v. Oklahoma*, 468 F.3d 711, 714–15 (10th Cir. 2006). Ms. Stephen has appealed in good faith, but Mr. Greene hasn't.

Mr. Greene has abused the litigation process, resulting in filing restrictions in both federal district court and in our court. His prior litigation experience in these courts should have revealed his inability to appeal on precisely the same ground brought in a prior federal appeal.

But we don't question Ms. Stephen's good faith. She isn't subject to filing restrictions, and the district court didn't address her separate claim or explain why her case should be closed. The federal district court lacked subject-matter jurisdiction over her claim, but she is a layperson and could understandably lack familiarity with the constraints on subject-matter jurisdiction.

Mr. Greene's prior federal suit was dismissed for lack of subject-matter jurisdiction, but Ms. Stephen was not a party to that suit. So we

have no reason to question Ms. Stephen's good faith despite the clear absence of subject-matter jurisdiction in district court. Given Ms. Stephen's good faith and inability to prepay the filing fee, we grant her application for leave to proceed in forma pauperis.

Entered for the Court


Robert E. Bacharach
Circuit Judge